1  **Robert C. Reback, Esq. (CSB# 58092)**
   **Cindy A. Shapiro (CSB# 175085)**
2  **Evan N. Okamura (CSB# 251434)**
   **REBACK, MCANDREWS, KJAR,**
3  **WARFORD & STOCKALPER, LLP**
   **1230 Rosecrans Avenue, Suite 450**
4  **Manhattan Beach, California  90266**
   **Telephone (310) 297-9900**
5  **Facsimile (310) 297-9800**

6  Attorneys for Defendants, James J. Kjar;
   Thien Nguyen; Robert C. Reback;
7  Reback McAndrews, Kjar, Warford & Stockalper;
   Terrence Schafer; Cindy Shapiro;
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                       SOUTHERN DIVISION

12

13 ROBIN ROSEN,                        )   Case No.:  SA-CV11 1703 AG (RNBx)
                                       )
14          Plaintiff,                 )   NOTICE OF HEARING ON MOTION TO DISMISS
                                       )   COMPLAINT PURSUANT TO FEDERAL RULE OF
15          v.                         )   CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF
                                       )   POINTS AND AUTHORITIES IN SUPPORT
16 RICHARD BOOTH; JEFFREY              )
   BRISKIN; BRISKIN, LATZANICH &       )
17 PENE; MARGARET CAHILL;              )
   CARROLL, KELLY, TROTTER,            )   DATE:     January 23, 2012
18 FRANZEN & McKENNA; DAVID            )   TIME:     10:00 a.m.
   COSSMAN, et al.                     )   PLACE:    Courtroom 10D
19                                     )
            Defendants.                )   Complaint Filed: November 7, 2011
20                                     )
                                       )
21 _____ )

22 / / /

23 / / /

24 / / /

25 / / /

26

27

28
                                       1
   _____
   NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
   PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

TO PLAINTIFF ROBIN ROSEN, AND HER COUNSEL OF RECORD, AND TO ALL OTHER PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 23, 2012, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10D of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants JAMES KJAR; THIEN NGUYEN; ROBERT REBACK; REBACK, MCANDREWS, KJAR WARFORD, STOCKALPER; TERRENCE SCHAFER; and CINDY SHAPIRO (collectively "REBACK DEFENDANTS") will move this Court for an order under Federal Rules of Civil Procedure, Rule 12(b)(6), dismissing Plaintiff's Complaint on the grounds that the Complaint fails to state a claim upon which relief may be granted.

This Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed in support thereof, on such oral and documentary evidence as shall be introduced at the time of the hearing, and on all papers and pleadings on file herein. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 15, 2011.

The REBACK DEFENDANTS move to dismiss the Complaint on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

/ / /

/ / /

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

WHEREFORE, the REBACK DEFENDANTS pray as follows:

1. That the Complaint and each claim for relief alleged therein be dismissed as against the REBACK DEFENDANTS;

2. That Plaintiff be ordered to take nothing from the REBACK DEFENDANTS;

3. That judgment be entered in favor of the REBACK DEFENDANTS; and

4. For such other relief as the Court deems just.

DATED: December 15, 2011

REBACK, MCANDREWS,  KJAR, WARFORD & STOCKALPER

By: **/S/ EVAN N. OKAMURA**
ROBERT C. REBACK
CINDY A. SHAPIRO
EVAN N. OKAMURA
Attorneys for Defendants,
James J. Kjar; Thien Nguyen; Robert C. Reback; Reback McAndrews, Kjar, Warford & Stockalper; Terrence Schafer; Cindy Shapiro

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

In her Complaint, Plaintiff ROBIN ROSEN ("PLAINTIFF") through her counsel of record and brother-in-law Glenn M. Rosen, asserts sensational and unfounded allegations of a conspiracy against her.  PLAINTIFF alleges that virtually every doctor and attorney that has ever worked on her three underlying and pending matters, whether on her behalf or on the opposing side, conspired against her, allegedly to deny her of certain constitutional rights, and that she is therefore entitled to significant monetary damages.  Not only does PLAINTIFF allege a conspiracy amongst the parties and their counsel to the underlying actions, but she has the audacity to claim that Judges in the California Judiciary are involved in the conspiracy as well.  To wit, on page 2, lines 62 through 68[1], PLAINTIFF explains her reason for filing the pending matter in Federal Court as follows:

> " . . . [PLAINTIFF] cannot have a fair adjudication of her case in the state court because of allegations that members of the California State Judiciary have conspired with members of the California State Bar and a public entity, the Los Angeles County Metropolitan Transportation Authority (LACMTA), to violate Robin Rosen's rights and deny her a fair adjudication of cases including Rosen v. Singh, Rosen v. St. Joseph Hospital, and Rosen v. Wendell Rush."

---

[1] PLAINTIFF's Complaint contains no numbered paragraphs, so references herein are made according to page and line.

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

A review of PLAINTIFF'S Complaint reveals vague, conclusory, and utterly unsupportable allegations against all Defendants herein, as well as members of the California judicial system, whom PLAINTIFF goes so far as to say were bribed ("[Judge] Robert Moss and [Justice] Richard Aronson were compensated for their unconstitutional conduct by the LACMTA through Katherine Pene and or others . . ." Complaint, Page 11, Lines 17-19).  PLAINTIFF's claims are consistently stated to be "on information and belief", which appears in the Complaint on dozens of occasions, and which speaks volumes as to the totally unfounded nature of PLAINTIFF'S claims against Defendants herein.

The REBACK DEFENDANTS' Motion to Dismiss should be granted.

## II.

## LEGAL STANDARD

A Motion to Dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), tests the legal sufficiency of the claims in the complaint, as well as reasonable inferences to be drawn from them.  The Court must construe the complaint in the light most favorable to plaintiff.  NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A motion to dismiss for failure to state a claim should be granted when it is clear a plaintiff can prove no set of facts in support of the claim that

1   would entitle him to relief.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27, 109 S. Ct. 1827,

2   104 L.Ed.2d 338 (1989); <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229,

3   2232, 81 L.Ed.2d 59 (1984); <u>Navarro v. Block</u>, 250 F.3d 729, 731 (9th Cir. 2001).

4   While a short, clear and concise pleading is required, mere conclusory allegations

5   are insufficient to state a claim for relief.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th

6   Cir. 1980).  Similarly, conclusions of law disguised as allegations of fact are not deemed

7   admitted and should be disregarded by the court.  *See, e.g.* <u>Western Mining Council v.</u>

8   <u>Watt</u>, 643 F.2d 218, 624 (6th Cir. 1981), *cert. denied*, 454 U.S. 1031 (1981); <u>Hiland</u>

9   <u>Dairy, Inc. v. Kroger Co.</u>, 402 F.2d 968, 973 (8th Cir. 1968), *cert. denied*, 395 U.S. 961

10  (1969).

11  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a

12  cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.

13  <u>Ballisteri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  A dismissal is

14  appropriate where it appears beyond reasonable doubt that the plaintiff can prove no set

15  of facts, which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78

16  S.Ct. 99, 2 L.Ed.2d 80 (1957).

17  / / /

18  / / /

## III.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PLAINTIFF'S ENTIRE COMPLAINT FAILS TO STATE ANY CAUSE OF ACTION AGAINST THE REBACK DEFENDANTS AS IT IS BASED ENTIRELY ON CONCLUSORY AND UNSUPPORTED ALLEGATIONS**

Even when viewing all of the allegations of PLAINTIFF'S Complaint as true, as this Court is required to do in ruling upon the pending Motion, the "factual allegations" of PLAINTIFF'S Complaint fail to state any cause of action against the REBACK DEFENDANTS, or any Defendant for that matter.[2]

As stated hereinabove, pursuant to the United States Supreme Court's ruling in Neitzke, a Motion to Dismiss should be granted when it is clear a plaintiff can prove no set of facts in support of the claim that would entitle her to relief.  Moreover, as also stated hereinabove pursuant to the Ninth Circuit's decision in Aldabe, mere conclusory allegations are insufficient to state a claim for relief.

It is impossible for PLAINTIFF to prove any set of facts to support her claims for relief as they are all based upon unfounded and impermissibly conclusory allegations. In order for PLAINTIFF to prevail on her "conspiracy theory", all of the following must be true:

---

[2] As the entire Complaint, and every cause of action therein, is based upon the same fictional conspiracy, this argument is directed towards the entire Complaint, as if the conspiracy fails, so does every cause of action contained therein, and therefore, the entire Complaint.

7

-In the Rosen v. Rush matter, there was a conspiracy amongst defendant, defendant's

counsel, and PLAINTIFF'S own experts, among others, to ensure that PLAINTIFF

would lose her case:

> *"The experts were involved in a conspiracy with LACMTA, Hertz Claims*
> *Service . . . and Katherine Pene, Jeffrey Briskin and Briskin Latzanich and*
> *Pene to not notify Robin or her counsel of their conflict of interest and to*
> *have her proceed to trial without knowing they would actually work*
> *against her."*  Complaint, Preliminary Allegations, Page 2, Lines 20-25;

-In the Rosen v. Rush matter, Judge Robert Moss was bribed and/or coerced to dismiss

PLAINTIFF'S action with prejudice:

> *"Robin Rosen based on information and belief, alleges and that the*
> *evidence will show that Judge Moss did this by coercion and payment in co*
> *conspiracy with Hertz, Katherine Pene, the LACMTA and other defendants*
> *and their counsel on the Rosen v. St. Joseph Hospital case."*  Complaint,
> Preliminary Allegations, Page 4, Line 25 - Page 5, Line 3.

-There existed a grand conspiracy amongst all counsel and doctors involved in all of

PLAINTIFF'S underlying matters to deny her of her civil rights:

> *"These defendant attorneys and their employers and firms as well as their*
> *clients in violation of Robin Rosen's civil rights, not only conspired with*
> *their clients but conspired with each other to make sure Robin Rosen's*
> *rights were violated and no sums would have to be paid by or on behalf of*
> *their clients to Robin Rosen."* Complaint, First Cause of Action, Page 8,
> Lines 18-22.

/ / /

/ / /

-Defendants conspired with the California Judiciary to deny PLAINTIFF of her

constitutional rights:

> *"Robin Rosen on information and belief alleges these defendants willfully maliciously and in conspiracy with others and the judiciary willfully violated the constitutional rights of Robin Rosen under this section. . . They did so by having some of them contact Judge Robert Moss or knowing there was contact with Moss in order to make sure he found against Robin Rosen by granting a demurrer. . ."* Complaint, First Cause of Action, Page 10, Lines 14-19.

-Defendants had communications with, and instructed Judge Moss to contact Justice

Richard Aronson, and decide the appellate matter of Rosen v. Rush, in a manner adverse

to PLAINTIFF:

> *"Some or all of them further interfered with Robin Rosen's rights by having Judge Moss contact Justice Richard Aronson of the Fourth District Court of Appeal, and have him take the bench during oral argument on Feb. 22, 2011 in order to take the instructions of Robert Moss and find against plaintiff Robin Rosen in a published opinion."* Complaint, First Cause of Action, Page 11, Lines 12-16;

-Judge Moss and Justice Aronson were bribed in connection with the issuance of the

February 22, 2011 published appellate opinion:

> *"It is alleged by plaintiff Robin Rosen, on information and belief, that Robert Moss and Richard Aronson were compensated for their unconstitutional conduct . . ."* Complaint, First Cause of Action, Page 11, Lines 16-18.

/ / /

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

-Defendants had ex parte communications, and in fact bribed Judge Luis Lavin, to grant Defendants' Anti-SLAPP Motion in the Rosen v. Singh matter:

> *"[Defendants] did so by having ex parte communications with Judge Luis Lavin doing everything in their power to have him rule against the interest of Robin Rosen, and on information and belief, of Robin Rosen, participate in the conspiracy to deny Robin Rosen a fair and just proceeding on her case; and plaintiff Robin Rosen on information and belief, alleges that the conspirators including but not limited to Pene, Hertz, and the LACMTA have compensated or promised to compensate Judge Lavin for his actions."* Complaint, First Cause of Action, Page 12, Line 26 – Page 13, Line 6.

-Judge Lavin and/or Defendants instructed the court reporter, Nancy Smith-Wells, to modify the transcript on the hearing of Defendants' Anti-SLAPP Motion:

> *"It is further believed and alleged by Robin Rosen, on information and belief, Judge Lavin or participating coconspirator defendants either instructed Nancy Smith Wells, or Nancy Smith Wells, on her own volition modified a court transcript of a court proceeding, Judge Lavin was asked if he had ex parte communications with any attorneys on the Rosen v. Singh case, their representatives, Katherine Pene, or her representatives. The transcript was void of this segment."* Complaint, First Cause of Action, Page 13, Lines 6-13.

-By filing a Motion to Augment during PLAINTIFF's counsel's vacation, Defendants were conspiring to deny PLAINTIFF of her due process rights:

> *"On [i]nformation and belief, Robin Rosen asserts, this was done maliciously in order to deprive Robin Rosen of her due process rights under 18 USC 241 and to make a statement to her counsel, that they, the defendants in this action, own the courts and can get the courts to do anything they want them to do including but not limited to the Court of*

10

*Appeal of the Second District."* Complaint, First Cause of Action, Page 16, Line 27- Page 17, Line 5.

-In the Rosen v. Rush matter, Defendants conspired with Judge Hess so that

PLAINTIFF would lose:

> *"On information and belief, Robin Rosen alleges, in the original trial of Rosen v. Wendell Rush and the LACMTA, Katherine Pene, Jeffrey Briskin, the Briskin firm and the LACMTA, worked in conspiracy with Judge Robert Hess, to make sure Plaintiff Robin Rosen was deprived of her Due Process rights to a fair adjudication of her case and 18 USC 241, making the trial a fraud and nullity."* Complaint, First Cause of Action, Page 17, Line 7-12.

-Defendants acted in a conspiracy to interfere with PLAINTIFF's constitutional and

statutory rights, such that it amounts to a hate crime:

> *"Each defendant has intentionally interfered with or attempted to interfere with Robin Rosen's civil rights by threatening or committing violent acts. Defendants . . . attempted to interfere with the constitutional right and statutory rights of Robin Rose[n] to have a fair adjudication of her case by threatening or committing violent acts in denial of her Due Process and Equal Protection rights.  This is a hate crime given the fact that Robin Rosen is a disabled person . . ."* Complaint, Second Cause of Action, Page 20, Lines 7-14.

-Defendants acted in conspiracy amongst themselves, as well as with the bus driver and

law enforcement personnel, to defraud bus accident victims, such as PLAINTIFF:

> *"From the outset [Defendants] had an invidious scheme to defraud victims of bus accidents, including Robin Rosen.  The scheme required and was committed by the perpetrators and each and all of them to deny there was a bus accident . . . to get the bus driver Wendell Rush to deny there ever was*

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*a bus accident, getting to the police officers . . . to say there was no evidence of a bus accident"* Complaint, Fifth Cause of Action, Page 35, Lines 20-27.

Blatantly lacking any factual basis for PLAINTIFF to establish that any of her imaginary allegations of a conspiracy are true, the REBACK DEFENDANT'S Motion to Dismiss as to the entire Complaint should be granted.

## IV.

## <u>PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST THE REBACK DEFENDANTS AS TO EACH CAUSE OF ACTION IN HER COMPLAINT</u>

a. <u>Plaintiff Fails To State A Claim Upon Which Relief May Be Granted Against The Reback Defendants Pursuant To 18 United States Code 241</u>

In her first cause of action against the REBACK DEFENDANTS, PLAINTIFF alleges a violation of 18 U.S.C. 241, entitled "Conspiracy against rights", by and through <u>Civil Code</u> § 1714.10, entitled "Cause of action against attorney based on civil conspiracy with client." PLAINTIFF acknowledges the requisite procedural requirements for bringing this civil conspiracy cause of action, namely:

"No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading . . ." <u>Civil Code</u> § 1714.10(a)

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   PLAINTIFF concedes that she does not have a court order allowing for bringing this

2   conspiracy cause of action against the REBACK DEFENDANTS, but nonetheless

3   wrongly claims that both exceptions of Civil Code § 1714.10(c) apply.  Said subsection

4

5   provides:

6

7   "This section shall not apply to a cause of action against an attorney for a
    civil conspiracy with his or her client, where (1) the attorney has an

8   independent legal duty to the plaintiff, or (2) the attorney's acts go beyond
    the performance of a professional duty to serve the client and involve a

9   conspiracy to violate a legal duty in furtherance of the attorney's financial

10  gain."

11

12  First, it is undisputed that the REBACK DEFENDANTS never represented

13  PLAINTIFF in any of her underlying and pending matters.  Conversely, the REBACK

14

15  DEFENDANTS are opposing counsel on the Rosen v. Singh matter, and as PLAINTIFF

16  is not their client, no duty is owed to her.  PLAINTIFF appears to concede the lack of

17  any duty owed by the REBACK DEFENDANTS through her advancement of her novel,

18

19  yet entirely unsupported argument that the REBACK DEFENDANTS "have an

20  independent duty not to violate any constitutional or civil rights of Robin Rosen which

21

22  they knowingly did . . ."  Complaint, Page 8, Lines 13-14.

23  Neither does the second exception apply as PLAINTIFF advances nothing but

24  unsupported and speculative argument that the acts of the REBACK DEFENDANTS

25

26  went beyond the performance of their professional duty to their client, Defendant

27  Moser, and involves a conspiracy to violate a legal duty in furtherance of the REBACK

28

13

1  DEFENDANTS' alleged financial gain.  In addition to PLAINTIFF's naked allegation

2  of a conspiracy, the REBACK DEFENDANTS' actions in defending their client are

3  furthermore protected by the litigation privilege of <u>Civil Code</u> § 47 (*see infra*).

4

5      As PLAINTIFF cannot satisfy either of the exceptions to the requirement of a

6  court order allowing for the filing of this civil conspiracy cause of action against the

7  REBACK DEFENDANTS, PLAINTIFF's first cause of action fails to state a claim

8  upon which relief may be granted.

9

10     b.   <u>Plaintiff Fails to State A Claim Upon Which Relief May Be Granted Against</u>

11          <u>The Reback Defendants Under The Bane Act</u>

12

13     The Bane Act, as provided for in California <u>Civil Code</u> § 52.1, generally provides

14  for a damages cause of action for any individual whose exercise or enjoyment of rights

15  secured by the Constitution or laws of the United States has been interfered with, or

16  attempted to be interfered with.

17

18     PLAINTIFF's conclusory and unsupported allegations are insufficient to state

19  such a claim.  PLAINTIFF claims that "Each defendant has intentionally interfered with

20  or attempted to interfere with Robin Rosen's civil rights by threatening or committing

21  violent acts."  Complaint, Page 20, Lines 7-8.  Notwithstanding this very serious

22  allegation, nowhere in PLAINTIFF's 46 page Complaint is there even a hint of an

23

24

25

26

27

28

allegation that threats of violence, or that violent acts were directed by any defendant towards PLAINTIFF, at any time.

Other allegations contained within this "cause of action" are confusing, and at times unintelligible.  For instance, PLAINTIFF claims that she "reasonably believed that if she exercised her right to a fair trial, defendants and each of them would commit violence against her or her property, by denying her right to prosecute her cases, causing her financial, emotional loss as a result thereof."  Complaint, Page 20, Lines 17-20.

First, it is unclear what act or acts were allegedly committed by any defendant which caused PLAINTIFF to have fear in bringing a matter to court, as once again, PLAINTIFF fails to allege with any specificity the nature of this alleged violence, or threats in this regard.  Secondly, PLAINTIFF's litigious nature in filing the three underlying matters, two appeals, and now the pending matter, contradict and indeed undermine PLAINTIFF's allegation that she feared initiating litigation lest she be exposed to violence.

PLAINTIFF's request for relief pursuant to the Bane Act fails to state a claim upon which relief may be granted against the REBACK DEFENDANTS.

/ / /

c. <u>Plaintiff Fails To State A Claim Upon Which Relief May Be Granted Against The Reback Defendants For Denial Of Federal And State Due Process And Equal Protection By Civil Conspiracy</u>

A cause of action based on a conspiracy requires more than conclusory allegations that defendants engaged in a conspiracy.  Rather, the complaint must allege facts showing: 1) the formation and operation of the conspiracy; 2) the wrongful act or acts done pursuant thereto; and 3) the damage resulting from such act or acts.  <u>Schick v. Bach</u> (1987) 193 Cal.App.3d 1321, 1327-1328.

Here, PLAINTIFF cannot plead or prove any conspiracy amongst the REBACK DEFENDANTS, or between the REBACK DEFENDANTS and other defendants to this litigation.  Indeed, no such conspiracy existed.  This is especially true given that PLAINTIFF's allegations are bereft of any factual support whatsoever.  Rather, PLAINTIFF asserts the conclusion that; "All defendants have participated in some form or manner in the denial of the due process and equal protection rights both federal and state of Robin Rosen.  They all contributed to deny Robin Rosen the right to a fair adjudication in the cases of Rosen v. Singh, Rosen v. St. Joseph Hospital and Rosen v. Wendell Rush."  Complaint, Page 26, Lines 13-17.

PLAINTIFF's utter failure to explain how this alleged conspiracy was formed, who was engaged for which tasks, and further operational details of this conspiracy, are

fatal to her ability to state a cause of action.  Pursuant to the case law discussed hereinabove, it is not enough to simply allege injury, point fingers at all parties and attorneys involved, and ask the court to figure it out for PLAINTIFF.

Moreover, PLAINTIFF further fails to state a cause of action for civil conspiracy as the issue has already been adjudicated on two previous occasions, and therefore issue preclusion serves as a further bar to PLAINTIFF's requested relief. *(see infra)*

> d. <u>Plaintiff Fails To State A Claim Upon Which Relief May Be Granted Against The Reback Defendants For Negligence And Conspiracy To Commit Negligence</u>

A claim for negligence requires pleading and proving that the defendant owed a duty to plaintiff, that defendant breached that duty, that plaintiff was harmed and that the defendant's negligence was a substantial factor in causing plaintiff's harm.  CACI 400, June 2008 Edition.

PLAINTIFF's negligence claim necessarily fails as no duty was owed by the REBACK DEFENDANTS, as opposing counsel, to PLAINTIFF.  Absent the ability to impose a duty upon the REBACK DEFENDANTS, any claim for negligence fails as a matter of law. Moreover, the conspiracy to commit negligence claim fails for the same reasons as the third cause of action, unsupported conclusory allegations and collateral estoppel.

e. <u>Plaintiff Fails To State A Claim Upon Which Relief May Be Granted Against The Reback Defendants For Fraud And Conspiracy To Commit Fraud</u>

The elements of a cause of action for fraud are a representation as to a material fact, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage. The absence of any of these required elements will preclude recovery. <u>Gonsalves v. Hodgson</u> (1951) 38 Cal.2d 91, 100-101.  In addition to the foregoing, the California Supreme Court imposes even greater strictures upon fraud claims:

> "Fraud actions…are subject to strict requirements of particularity… [T]he rule is everywhere followed that fraud must be specifically pleaded…every element of the cause of action for fraud must be alleged in the proper manner, (i.e., factually and specifically), and the policy of liberal construction of pleading…will not ordinarily be invoked to sustain the pleading defective in any material respect."

<u>Committee on Children's Television, Inc. v. General Foods Corp.</u> (1983) 35 Cal.3d 197, 216-217.

More specifically, when pleading a cause of action for fraud, plaintiffs must plead factually and specifically "how, when, where, to whom and what means the [fraudulent] representations were tendered."  <u>Stansfield v. Starke</u> (1990) 220 Cal.App.3d 70, 73. Further, plaintiffs must also specifically plead the "detriment proximately caused" by the defendants' tortious conduct.  This requires factual allegations of both the injury or damage suffered and its causal connection with plaintiffs' reliance on Defendants'

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

alleged mis-representations.    <u>Service by Medallion, Inc. v. Clorox Co.</u> (1996) 44 Cal.App.4th 1807, 1818.

Here, PLAINTIFF's Complaint makes only general, conclusory allegations that do not satisfy the stricter pleading requirements for a fraud cause of action.  For instance, there are no specific allegations of any misrepresentations made by the defendants or the damages caused by reliance upon same. As stated in <u>Service by Medallion, Inc.</u>, "the injury or damage must not only be distinctly alleged but its causal connection with reliance on the representations must be shown." <u>Id</u>. at 1818. Moreover, the conspiracy to commit fraud claim fails for the same reasons as the third and fourth causes of action, namely unsupported conclusory allegations and collateral estoppel.

**V.**

**<u>THE LITIGATION PRIVILEGE, AS PROVIDED BY CIVIL CODE § 47</u>**

**<u>FURTHER PRECLUDES PLAINTIFF FROM STATING ANY</u>**

**<u>CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>**

**<u>AGAINST THE REBACK DEFENDANTS</u>**

PLAINTIFF'S mass-conspiracy Complaint is further barred by the litigation privilege, as codified in California <u>Civil Code</u> § 47, which provides for an absolute privilege for statements made in the course of judicial proceedings, and which precludes

the use of such statements as a basis for <u>all</u> tort liability except for malicious prosecution. <u>Mattco Forge Inc. v. Arthur Young & Co.</u> (1992)  5 Cal.App.4th 392, 402; <u>Jacob B. v. County of Shasta</u> (2007) 40 Cal.4th 948, 952.

Moreover, the California Supreme Court has established a four part test in applying the litigation privilege, "the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." <u>Ramalingam v. Thomson</u> (2007) 151 Cal.App.4th 491, 500. The privilege is to be broadly applied and "doubts are resolved in favor of the privilege." <u>Id</u>.

In the judicial or quasi-judicial context, the privilege applies to any communications, regardless of whether the communications are made inside or outside of the courtroom, and furthermore, irrespective of whether the court or its officers are involved.  (<u>Silberg</u>, *supra*, 50 Cal.3d at 212; <u>Rothman</u>, *supra*, 49 Cal.App.4th at 1150.)

The purpose of the privilege is to "afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgment and to avoid unending litigation." <u>Rusheen</u>, *Supra,* 37 Cal.4th at 1063.  It has even been extended to prevent civil actions

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

based on perjury. Id. at 1058.

Here, all of the alleged acts or omissions which form the basis for PLAINTIFF's claims against the REBACK DEFENDANTS arise out of protected acts under Civil Code § 47, and therefore cannot be the basis for a claim.  Namely, any alleged wrongdoing that PLAINTIFF attributes to the REBACK DEFENDANTS was made in the course and scope of their representation of Dr. Moser in the Rosen v. Singh litigation, are absolutely protected, and cannot form the basis for any claim by PLAINTIFF.

## VI.

## COLLATERAL ESTOPPEL PRECLUDES PLAINTIFF FROM ASSERTING THE CLAIMS IN HER COMPLAINT AS THESE ISSUES HAVE ALREADY BEEN ADJUDICATED

"Res Judicata" describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.  On the other hand, collateral estoppel or issue preclusion, "precludes relitigation of issues argued and

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    decided in prior proceedings." [3]  Lucido v. Superior Court (1990) 51 Cal.3d 335, 341.

2
3    As one court explained, the threshold requirements of issue preclusion are:

4             (1) the issue is identical to that decided in the former proceeding, (2)
5             the issue was actually litigated in the former proceeding, (3) the issue
             was necessarily decided in the former proceeding, (4) the decision in
6             the former proceeding is final and on the merits, and (5) preclusion is
7             sought against a person who was a party or in privity with a party to
             the former proceeding.  When those requirements are met, the
8             propriety of preclusion depends upon whether application will
9             further the public policies of preservation of the integrity of the
             judicial system, promotion of judicial economy, and protection of
10            litigants from harassment by vexatious litigation. Castillo v. City of
11           Los Angeles (2001) 92 Cal.App.4th 477, 481, quoting Lucido, supra,
             51 Cal.3d at 341.
12
13   The 'identical issue' requirement addresses whether 'identical factual allegations' are at

14   stake in the two proceedings . . . ." Lucido at 342.

15
16        Here, the conspiracy allegations which form the basis for PLAINTIFF's

17   Complaint against the REBACK DEFENDANTS, and all other Defendants, have

18   proceeded to a final judgment on the merits adverse to PLAINTIFF, on not just one

19
20   occasion, but two.

21
22        On December 10, 2009, PLAINTIFF first brought civil conspiracy allegations

23   against defendant Katherine Pene, Pene's law firm, St. Joseph Hospital, Kurt

24
25
26   _____
     [3] The doctrine of collateral estoppel is one aspect of the concept of res Judicata.  In modern usage, however, the two terms
27   have distinct meanings.  The Restatement Second of Judgments, for example, describes collateral estoppel as "issue
     preclusion" and res judicata as "claim preclusion."  (Rest.2d Judgments, § 27.)  This case only concerns issue preclusion.
28

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Openshaw, and Vascular and Interventional Specialists of Orange County.  Specifically, PLAINTIFF alleged that said defendants conspired so that she would be unsuccessful in the Rosen v. Rush case.  In response to this action, Defendant Pene filed a Special Motion to Strike, which was granted by the trial court on June 18, 2010.  Defendants Dr. Openshaw and Vascular Specialists demurred to the complaint, and defendant St. Joseph Hospital joined in the demurrer.  The trial court sustained the demurrers without leave to amend.  Moreover, after PLAINTIFF appealed the ruling on the demurrer, on March 10, 2011, the Court of Appeal affirmed the Trial Court's ruling, and published an opinion in connection therewith, therefore resulting in a final decision on the merits.  *See* Rosen v. St. Joseph Hospital of Orange County, et al (2011) 193 Cal.App.4th 453.

On July 6, 2010, PLAINTIFF again brought civil conspiracy allegations against Defendant Moser, and others, claiming that he, along with Defendant Pene conspired in deciding how Defendant Moser would testify during deposition, such that it would result in the adverse ruling received by PLAINTIFF in the Rosen v. Rush matter.  On September 9, 2010 Defendant Moser responded with a Special Motion to Strike pursuant to Code of Civil Procedure § 425.16.  On December 8, 2010, following briefing and oral argument by both sides, the trial court granted Defendant Moser's Special Motion to Strike.  Even though this ruling is currently on appeal, assuming that the trial court's ruling is affirmed, the December 8, 2010 granting of Defendant Moser's

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Motion to Strike is a final decision on the merits, where once again, it was held that PLAINTIFF does not have any legitimate basis for the same civil conspiracy allegations which she previously advanced and lost, and is again asserting in the pending matter.

Accordingly, collateral estoppel serves as a bar to the instant Complaint, and the REBACK DEFENDANTS' Motion to Dismiss directed thereto should be granted.

## VII.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the REBACK DEFENDANTS' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted, and PLAINTIFF's Complaint be dismissed with prejudice as to the REBACK DEFENDANTS.

DATED: December 16, 2011                REBACK, MCANDREWS,  KJAR,
                                        WARFORD & STOCKALPER

                            By:   **/S/ EVAN N. OKAMURA**
                                  ROBERT C. REBACK
                                  CINDY A. SHAPIRO
                                  EVAN N. OKAMURA
                                  Attorneys for Defendants,
                                  James J. Kjar; Thien Nguyen; Robert C. Reback;
                                  Reback McAndrews, Kjar, Warford & Stockalper;
                                  Terrence Schafer; Cindy Shapiro

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## PROOF OF SERVICE -- §1013a <u>CODE OF CIVIL PROCEDURE,</u> STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1230 Rosecrans Avenue, Suite 450, Manhattan Beach, California 90266.

**On** December 16, 2011, **I served the foregoing document described as**

**NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**on all interested parties in this action by placing the original in a sealed envelope addressed as follows**:

## <u>SEE ATTACHED SERVICE LIST</u>

☐  **By Mail**  I caused such envelope to be deposited in the mail at Manhattan Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐  **By Personal Service**  I delivered such envelope by hand to the offices of the addressee(s).

☐  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒  **Federal**  I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made by **E-FILING.**

Executed on **December 16, 2011** at Manhattan Beach, California, UNITED STATES.

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

s/ **C. H. DUNCAN**

2

_____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Re:   **ROBIN ROSEN vs. RICHARD BOOTH. ET AL.**

UNITED STATES DISTRICT COURT –SANTA ANA
**Case No.: 8:11-cv-1703 AG (RNBx)**

*Our File No.:  88-10*

| | |
|---|---|
| Glenn M. Rosen, Esq.<br>LAW OFFICES OF GLENN M. ROSEN<br>3 Leicester COURT<br>Laguna Niguel, CA 92677<br><br>Tel: (949) 388-3489     **FAX:** | **ATTORNEYS FOR PLAINTIFF**<br>ROBIN ROSEN |
| **cstone@nemecek-cole.com**<br><br>Claudia L. Stone, Esq.<br><br>**NEMECEK & COLE**<br><br>15260 Ventura Blvd., Suite 920<br> Sherman Oaks, CA 91403-5344<br>Tel:   (818) 788-9500  **FAX:** | **ATTORNEYS FOR DEFENDANTS**<br>BRISKIN LATZANICH AND PENE<br>JEFFREY BRISKIN;KATHERINE PENE |
| | LEWIS BRISBOIS ET AL LLP |
| | CARROLL KELLY TROTTER FRANZEN AND McKENNA |
| | GREENBERG GLUSKER FIELDS CLAMAN AND MACHTINGER |
| | SCHMID AND VOILES<br>SUSAN SCHMID |
| | LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY |
| | MUTUAL PROTECTION TRUST |
| | THE COOPERATIVE OF AMERICAN PHYSICIANS |
| | THE DOCTORS COMPANY |
| | ST. JOSEPH HOSPITAL |
| | HERTZ CLAIMS SERVICE |
| | TAYLOR BLESSEY |
| | RICHARD BOOTH |

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

| | |
|---|---|
| 1 | MARGARET CAHILL |
| 2 | DAVID COSSMAN |
| | MARGARET LEE COVEY |
| 3 | DENISE GREER |
| | ANDREA HILBERT |
| 4 | PAULA JENKINS |
| 5 | ALLEN JONES |
| | FRANKLIN MOSER |
| 6 | KURT OPENSHAW |
| 7 | DAVID PRUETT |
| | BARBARA REARDON |
| 8 | MARTIN SAVOIE |
| | FRENI SILLONA |
| 9 | JAI SINGH |
| 10 | JEFFREY SPITZ |
| | N. DENISE TAYLOR |
| 11 | MICHAEL TROTTER |
| | JOHN WEBER |
| 12 | NANCY SMITH WELLS |
| 13 | BARRY ZELNER |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT