| | |
|---|---|
| 1 | CHARLES N. SHEPHARD (SBN 078129) |
|   | CShephard@GreenbergGlusker.com |
| 2 | JAMES R. MOLEN (SBN 260269) |
|   | JMolen@GreenbergGlusker.com |
| 3 | GREENBERG GLUSKER FIELDS CLAMAN & |
|   | MACHTINGER LLP |
| 4 | 1900 Avenue of the Stars, 21st Floor |
|   | Los Angeles, California  90067-4590 |
| 5 | Telephone:  310.553.3610 |
|   | Fax:  310.553.0687 |
| 6 | |
| 7 | Attorneys for Defendants Jeffrey Spitz and |
|   | Greenberg Glusker Fields Claman |
|   |  & Machtinger LLP |
| 8 | |

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA

| | | |
|---|---|---|
| ROBIN ROSEN, | | Case No.  SACV 11-01703-AG |
| | Plaintiff, | *Assigned to: Hon. Andrew J. Guilford* |
| v. | | **DEFENDANTS JEFFREY SPITZ AND GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP STATUTE)** |
| RICHARD BOOTH; JEFFREY BRISKIN; BRISKIN, LATZANICH, & PENE; MARGARET CAHILL; CARROLL, KELLY, TROTTER, FRANZEN & MCKENNA; DAVID COSSMAN; MARGARET LEE COVEY; THE DOCTOR'S COMPANY; DENISE GREER; GREENBERG, GLUSKER, FIELDS, CLAMAN & MACHTINGER; HERTZ CLAIMS SERVICE; ANDREA HILBERT; PAULA JENKINS; ALLEN JONES; JAMES KJAR; LEWIS, BRISBOIS, BISGAARD & SMITH; BRENDA LIGORSKY; LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY; FRANKLIN MOSER; THIEN NGUYEN; KATHERINE PENE; KURT OPENSHAW; THE COOPERATIVE OF AMERICAN PHYSICIANS; MUTUAL PROTECTION TRUST; DAVID PRUETT; BARBARA REARDON; | | Date:  January 23, 2012<br>Time:  10:00 a.m.<br>CrtRm:  10D<br><br>[Declaration of Jeffrey Spitz in Support Thereof, Declaration of James R. Molen in Support Thereof and [Proposed] Order filed concurrently herewith]<br><br>Action Filing Date:  November 7, 2011 |

| | |
|---|---|
| 1 | ROBERT REBACK; REBACK, MCANDREWS, KJAR, WARFORD, STOCKALPER; TERRENCE SCHAFER; FRENI SILLONA; MARTIN SAVOIE; SUSAN SCHMID; SCHMID & VOILES; CINDY SHAPIRO; JAI SINGH; JEFFREY SPITZ; NANCY SMITH WELLS; ST. JOSEPH HOSPITAL; N. DENISE TAYLOR; TAYLOR BLESSEY; MICHAEL TROTTER; JOHN WEBER; BARRY ZELNER; and DOES 1 through 10, |
| 8 | Defendants. |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

99905-00251/1806488.1    1    MOTION TO STRIKE (ANTI-SLAPP)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................... 1

II. BACKGROUND ....................................................................................... 2

III. LEGAL STANDARD ............................................................................... 3

IV. ARGUMENT ............................................................................................ 4

    A. Plaintiff's Complaint Arises from Conduct Protected Under C.C.P .............................................................................................. 4

    B. Plaintiff Cannot Establish a Probability of Prevailing on Her Claims ........................................................................................... 5

        1. Plaintiff's Claims are Barred by the Litigation Privilege ........... 5

        2. Plaintiff Cannot Establish a Probability of Prevailing on Her Second Cause of Action for Violations of California Civil Code Section 52.1 ............................................................ 6

        3. Plaintiff Cannot Prevail on Her Third Cause of Action for Violation of the California Due Process Clause and/or Equal Protection Clause ............................................................ 8

        4. Plaintiff Cannot Prevail on Her Fourth Cause of Action for Negligence/Conspiracy to Commit Negligence ................... 9

        5. Plaintiff Cannot Establish a Probability of Prevailing on Her Fifth Cause of Action for Fraud/Conspiracy to Commit Fraud ............................................................................ 10

        6. Plaintiff Cannot Establish Vicarious Liability of Greenberg Glusker ..................................................................... 12

V. CONCLUSION ....................................................................................... 13

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

i    MOTION TO STRIKE (ANTI-SLAPP)

# TABLE OF AUTHORITIES

Page

**CASES**

*Bily v. Arthur Young & Co.*,
 3 Cal.4th 370 (Cal. Sup. Crt 1992) .................................................................. 9

*Braun v. Chronicle Publishing Co.*,
 52 Cal.App.4th 1036 (1997) ............................................................................ 4

*Briggs v. Eden Council for Hope & Opportunity*,
 19 Cal.4th 1106 (1999) .................................................................................... 5

*Davison v. Diamond Match Co.*
 10 Cal.App.2d 218 (1935) ............................................................................. 12

*Doe By and Through Doe v. Petaluma City School Dist.*,
 830 F.Supp. 1560 (N.D.Cal. 1993) .................................................................. 7

*Equilon Enterprises v. Consumer Cause, Inc.*,
 29 Cal.4th 53 (2002) .................................................................................... 3, 4

*Everest Investors 8 v. Whitehall Real Estate Limited Partnership*,
 100 Cal.App.4th 1102 (2002) ..................................................................... 7, 12

*Flatley v. Mauro*,
 39 Cal.4th 299 (2006) ...................................................................................... 5

*Fox v. Pollack*,
 181 Cal.App.3d 954 (1986) ............................................................................. 9

*Hagberg v. California Federal Bank FSB*,
 32 Cal.4th 350 (2004) ...................................................................................... 6

*Hanni v. Am. Airlines, Inc.*,
 2008 WL 5000237 (N.D. Cal. Nov. 21, 2008) .............................................. 10

*HMS Capital, Inc. v. Lawyers Title Co.*.
 118 Cal.App.4th 204 (2004) ............................................................................ 4

*Jackson v. Brown*,
 513 F.3d 1057 (9th Cir. 2008) ......................................................................... 8

*Javor v. Taggart*,
 98 Cal.App.4th 795 (2002) .............................................................................. 9

*Kashian v. Harriman*,
 98 Cal.App.4th 892 (2002) .............................................................................. 4

*Kidron v. Movie Acquisition Corp.*,
 40 Cal.App.4th 1571 (1995) ................................................................. 8, 10, 12

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Koehler v. Pulvers*,
  606 F.Supp. 164 (S.D. Cal. 1985) .................................................................... 10

*Kruger v. Wells Fargo Bank*,
  11 Cal.3d 352 (1974) ............................................................................................ 8

*Manderville v. PCG & S Group, Inc.*,
  146 Cal.App.4th 1486 (2007) ....................................................................... 11, 12

*Matson v. Dvorak*,
  40 Cal.App.4th 539 (1995) .................................................................................. 5

*Navellier v. Sletten*,
  29 Cal.4th 82 (2002) ............................................................................................ 5

*Slaney v. Ranger Insurance Co.*,
  115 Cal.App.4th 306 (2004) ................................................................................ 4

*United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc.*,
  190 F3d 963 (9th Cir. 1999) ................................................................................ 3

*Varian Med. Systems, Inc. v. Delfino*,
  35 Cal.4th 180 (2005) .......................................................................................... 3

*Wright v. City of Los Angeles*,
  219 Cal.App.3d 318 (1990) ............................................................................... 10

*Zamos v. Stroud*,
  32 Cal.4th 958 (2004) .......................................................................................... 4

**STATUTES**

18 USC § 241 ................................................................................................................ 2

C.C.P. § 425.16 ................................................................................................. 1, 3, 13

C.C.P. § 425.16(e) ........................................................................................................ 4

C.C.P. § 425.16(e)(1) ........................................................................................... 1, 4, 5

C.C.P. § 425.16(e)(2) .................................................................................................... 4

Cal. Civ. Code § 47 ...................................................................................................... 6

Cal. Civ. Code § 47(b) ............................................................................................. 1, 6

Cal. Civ. Code § 52.1 ............................................................................................ 2, 6, 7

Cal. Civ. Code § 52.1(b) .............................................................................................. 7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES
## (continued)

**Page**

Cal. Civ. Code § 52.1(j) ............................................................................................ 7

FRCP 12(b)(6) ..................................................................................................... 5, 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

iv    MOTION TO STRIKE (ANTI-SLAPP)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 23, 2011, at 10 a.m., or as soon thereafter as the matter may be heard in courtroom 10D of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, California 92701, Defendants Jeffrey Spitz and Greenberg Glusker Fields Claman and Machtinger, LLP will, and hereby do, move pursuant to Code of Civil Procedure section 425.16 (California's Anti-SLAPP Statute), for an order striking the second, third, fourth and fifth causes of action of Plaintiff's complaint.

This Motion is made on the grounds that Plaintiff's state law claims as set forth in the second, third, fourth and fifth causes of action of Plaintiff's complaint, are barred in their entirety by Code of Civil Procedure section 425.16 because (1) they are based on written statements made in a judicial proceeding, which is conduct in furtherance of defendants' right of petition and free speech; and (2) Plaintiff cannot establish a probability that she will prevail on her claims.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Jeffery Spitz and James R. Molen, the other files, records, pleadings and papers in this action, any reply papers that may be filed in connection herewith, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

Counsel for defendants made a good faith effort to confer regarding this motion pursuant to Local Rule 7-3.  Declaration of James R. Molen, ¶ 2.

DATED: December 19, 2011         GREENBERG GLUSKER FIELDS
                                 CLAMAN & MACHTINGER LLP

                                 By: /s/ James R. Molen
                                 ―――――――――――――――――――――
                                 JAMES R. MOLEN (SBN 260269)
                                 Attorneys for Defendants Jeffrey Spitz
                                 and Greenberg Glusker Fields Claman &
                                 Machtinger LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Jeffrey Spitz and Greenberg Glusker Fields Claman and Machtinger, LLP ("Greenberg Glusker") (collectively "Defendants") hereby move to strike Plaintiff's second, third, fourth and fifth causes of action pursuant to California Code of Civil Procedure ("C.C.P.") section 425.16 (the "Anti-SLAPP Statute"). Mr. Spitz is an attorney and a partner of Greenberg Glusker. Plaintiff's complaint as against Defendants is based entirely on their limited representation of their client, David Cossman, M.D., in a California state lawsuit entitled *Rosen v. Singh* (LASC Case No. BC441076) (the "State Lawsuit"). In particular, Plaintiff alleges that Defendants are liable for damages merely because they filed an answer on behalf of Dr. Cossman in the State Lawsuit. This action is plainly frivolous.

The Anti-SLAPP Statute protects "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." C.C.P. § 425.16(e)(1). Defendants filing of a responsive pleading on behalf of their client indisputably satisfies this standard. Therefore, to defeat this motion Plaintiff must present <u>evidence</u> to establish a probability of prevailing on her claims. *Id.*, § 425.16(b). Plaintiff cannot do so. Her claims are legally meritless, factually basis, and, in any event, barred by the litigation privilege under California Civil Code section 47(b).

Plaintiff's complaint is difficult, if not impossible, to comprehend. Replete with repetitions of hornbook law, citations to John Locke and a brief (albeit incorrect) overview of the Federalist Papers, Plaintiff's complaint is virtually devoid of any substantive factual allegations.

Indeed, <u>as against Defendants, there is one, and only one, allegation</u>: On August 10, 2010, Mr. Spitz, an attorney for Greenberg Glusker, caused an answer to be filed on behalf of Greenberg Glusker's client in the State Lawsuit. Compl.,

5:13-6:4. Based on this single allegation, Plaintiff purports to bring causes of action for violations of 18 USC § 241 and California Civil Code § 52.1 (the Bane Act), denial of federal and state due process and equal protection, negligence, and fraud. Plaintiff's complaint is plainly frivolous. There is absolutely no theory upon which an attorney can be liable to an adverse party for the mere act of filing a responsive pleading on behalf of his client. Each and every one of Plaintiff's claims fail as a matter of law.

Concurrently herewith, Defendants are filing a motion to dismiss the entirety of Plaintiff's complaint for failure to state a claim. In the unlikely event that motion is not granted, the complaint should be dismissed for the reasons set forth herein, as Plaintiff will not be able to present any evidence to support her claims. Thus, this motion to strike Plaintiff's second, third, fourth and fifth causes of action pursuant to the Anti-SLAPP Statute should be granted in its entirety.

## II. BACKGROUND

In or about July, 2010, defendant David Cossman, M.D. was served with the State Lawsuit. See concurrently filed Declaration of Jeffrey Spitz ("Spitz Decl."), ¶ 2. Dr. Cossman then retained Greenberg Glusker to represent him in the State Lawsuit. *Id.* Mr. Spitz, a partner of Greenberg Glusker, was the attorney at Greenberg Glusker responsible for the representation of Dr. Cossman in that matter. *Id.* On August 10, 2010, Greenberg Glusker caused to be filed an answer on Dr. Cossman's behalf in the State Lawsuit. *Id.*, ¶ 3. A true and correct copy of the answer is attached to Mr. Spitz's concurrently filed declaration as Exhibit "A." *Id.* At or around the time that Dr. Cossman's answer was filed, the law firm of Taylor Blessey LLP took over as Dr. Cossman's lead counsel in the State Lawsuit. *Id.*, ¶ 4. Although Greenberg Glusker has remained associated as counsel with Taylor Blessey, it has had no involvement in the litigation other than filing Dr. Cossman's initial answer. *Id.*

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590


Plaintiff's action as against Mr. Spitz and Greenberg Glusker is based entirely on their limited representation of Dr. Cossman in the State Lawsuit. See Compl., 6:3-4. In particular, Plaintiff alleges that Mr. Spitz and Greenberg Glusker are liable for damages merely because they filed an answer on Dr. Cossman's behalf. *Id.* The complaint makes no other factual allegations regarding Mr. Spitz or Greenberg Glusker, although it is replete with rambling and barely comprehensible paranoid assertions of conspiracy and other wrongdoing by attorneys, trial judges of the Los Angeles Superior Court, and appellate justices on the California Court of Appeal.

## III. LEGAL STANDARD

It is beyond dispute that California's Anti-SLAPP Statute may apply in federal proceedings to strike California state law claims. *United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc.*, 190 F3d 963, 973 (9th Cir. 1999).

California's anti-SLAPP statute (Cal. Code Civ. Pro. § 425.16) is designed to put limitations on retaliatory lawsuits which seek to punish those who simply exercise their fundamental rights. *See Varian Med. Systems, Inc. v. Delfino*, 35 Cal.4th 180, 193 (Cal. Sup. Ct. 2005) ("Indeed, the point of the anti-SLAPP statute is that you have a right <u>not</u> to be dragged through the courts because you exercised your constitutional rights.") (emphasis in original; internal quotes omitted). For those cases that fall within the purview of the statute, plaintiff must present prima facie evidence to support its claim <u>before</u> it is allowed to proceed. If it does not, the action must be dismissed.

Evaluation of an anti-SLAPP motion requires a two step process. First, the court must determine whether defendant has made a threshold showing that the challenged conduct is one arising from protected activity. *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (Cal. Sup. Ct. 2002). To make this showing, the movant must demonstrate that the conduct giving rise to the

1 challenged claim fits within one of the categories set forth in C.C.P. section 425.16(e).  *Braun v. Chronicle Publishing Co.*, 52 Cal.App.4th 1036, 1043 (Cal. App. Ct. 1997).  If defendant satisfies the first step, the burden shifts to the plaintiff to demonstrate a probability of prevailing on its claim.  *Equilon Enterprise,* 29 Cal.4th at 67.

In order to satisfy its burden in the second step, the plaintiff must present admissible evidence that would support a judgment in plaintiff's favor.  *Slaney v. Ranger Insurance Co.*, 115 Cal.App.4th 306, 318 (Cal. App. Ct. 2004).  "The plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial."  *HMS Capital, Inc. v. Lawyers Title Co.*. 118 Cal.App.4th 204, 212 (Cal. App. Ct. 2004).  The court does not weigh the evidence, but simply determines whether evidence of a prima facie case has been presented that would permit the case to go forward.  *Id*.  Whether plaintiff has done so is a question of law.  *Zamos v. Stroud*, 32 Cal.4th 958, 965 (Cal. Sup. Ct. 2004).  The question in an anti-SLAPP motion is not whether the pleading states a claim, but rather whether the plaintiff has presented evidence that would support a judgment in its favor on that claim.  *Kashian v. Harriman*, 98 Cal.App.4th 892, 906 (Cal. App. Ct. 2002).  As we will describe below, Plaintiff will be unable to satisfy her burden.

### IV.   ARGUMENT

#### A.   Plaintiff's Complaint Arises from Conduct Protected Under C.C.P. Section 425.16(e)(2) - Statements or Writings in Judicial Proceedings

The Anti-SLAPP Statute protects "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law."  C.C.P. § 425.16(e)(1).  This extends to <u>all</u> statements in a judicial proceeding, whether or not the statements themselves

involve a public issue. *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal.4th 1106, 1116 (Cal. Sup. Ct. 1999) ("Under the plain terms of the statute it is the context or setting itself that makes the issue a public issue: all that matters is that the First Amendment activity take place in an official proceeding or be made in connection with an issue being reviewed by an official proceeding.") (disapproving earlier cases contra). A pleading filed in court is "indisputably a statement or writing made before a judicial proceeding." *Navellier v. Sletten*, 29 Cal.4th 82, 90 (Cal. Sup. Ct. 2002).

Plaintiff's claims are based solely on Defendants' filing of an answer on behalf of their client in the State Lawsuit. *See* Compl., 6:3-4. This is "indisputably a statement or writing made before a judicial proceeding." *Navellier*, 29 Cal.4th at 90. Therefore, the Anti-SLAPP Statute applies. C.C.P. § 425.16(e)(1).

### B. Plaintiff Cannot Establish a Probability of Prevailing on Her Claims

To establish a probability of prevailing on a claim for purposes of the Anti-SLAPP Statute, "a plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Matson v. Dvorak*, 40 Cal.App.4th 539, 548 (Cal. App. Ct. 1995). Thus, Plaintiff must come forward with sufficient evidence of her claim to satisfy the applicable burden of proof and to demonstrate that no defenses preclude her from probable success on the merits. *Id.*; *see also Flatley v. Mauro*, 39 Cal.4th 299, 323 (Cal. Sup. Ct. 2006) (plaintiff must overcome substantive defenses to demonstrate probability of success on the merits).

As demonstrated in our concurrently filed motion to dismiss pursuant to FRCP 12(b)(6), Plaintiff's claims are legally deficient. Moreover, her claims are factually baseless and Plaintiff will be unable to present any evidence that

Defendants engaged in any of the alleged wrongful conduct.

### 1. Plaintiff's Claims are Barred by the Litigation Privilege.

California Civil Code section 47(b) establishes a privilege that bars liability in tort for communications made in any judicial proceeding. "The privilege established by this subdivision often is referred to as an 'absolute' privilege, and it bars all tort causes of action except a claim for malicious prosecution." *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 360 (Cal. Sup. Ct. 2004).

"[T]he absolute privilege established by section 47(b) serves the important public policy of assuring free access to the courts and other official proceedings." *Hagberg*, 32 Cal.4th at 360 ("[B]oth the effective administration of justice and the citizen's right of access to the government for redress of grievances would be threatened by permitting tort liability for communications connected with judicial or other official proceedings."). To effectuate its purpose, the litigation privilege has been interpreted very broadly. Section 47(b) encompasses "not only testimony in court and statements made in pleadings, but also statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." *Id.* at 361.

Defendants did nothing more than file an answer on their client's behalf. Spitz Decl., ¶¶ 3-7. Plaintiff will be unable to present any evidence to the contrary. The conduct at issue falls squarely within the litigation privilege and Plaintiff's claims are absolutely barred.

### 2. Plaintiff Cannot Establish a Probability of Prevailing on Her Second Cause of Action for Violations of California Civil Code Section 52.1

Each and every one of Plaintiff's state law claims are barred by the litigation privilege as a matter of law, including her second cause of action for violations of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

California Civil Code section 52.1 (the Bane Act).  In addition, there is also no possibility that Plaintiff can prevail on this claim as a matter of fact.

To establish a violation of the Bane Act, a plaintiff must prove that the defendants interfered, or attempted to interfere, with her rights by threats, intimidations, or coercion.  Cal. Civ. Code § 52.1(b); *Doe By and Through Doe v. Petaluma City School Dist.*, 830 F.Supp. 1560, 1582 (N.D. Cal. 1993).  "Speech alone is not sufficient to support an action" under the Bane Act "except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat."  Cal. Civ. Code § 52.1(j).

Mr. Spitz has never met Plaintiff.  Spitz Decl., ¶ 5.  He has never spoken with her, interacted with her, or communicated directly with her in any way.  *Id.*  Mr. Spitz has most certainly never threatened, intimidated, or coerced Plaintiff.  *Id.*  Plaintiff cannot satisfy her burden of proving otherwise.

Moreover, because Defendants' alleged conduct constitutes speech, Plaintiff must prove that "the speech itself threatens violence against a specific person or group of persons." Cal.Civ.Code § 52.1(j).  The answer filed by Defendants contains nothing of the sort.  *See* Spitz Decl., ¶ 3. Exh. "A."

Plaintiff also cannot demonstrate that Defendants were involved in a conspiracy to violate the Bane Act because, in fact, she will be unable to demonstrate that any of the defendants interfered, or attempted to interfere, with Plaintiff's rights by threat, intimidation, or coercion.  *See Everest Investors 8 v. Whitehall Real Estate Limited Partnership*, 100 Cal.App.4th 1102, 1105–07 (Cal. App. Ct. 2002) ("Standing alone, a conspiracy does no harm, engenders no tort liability, and does not per se give rise to a cause of action. It must be activated by the commission of an actual tort.").  Plaintiff does not even allege that any of the

defendants engaged in such conduct and most certainly cannot carry her burden of presenting evidence of this in order to defeat an anti-SLAPP motion in this regard. Furthermore, even if Plaintiff could prove that one or more of the other defendants violated the Bane Act (and she cannot), Plaintiff will still be unable to present evidence that Defendants had knowledge of a plan to commit this violation. *See Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582 (Cal. App. Ct. 1995) (conspiracy requires "conspiring defendants…have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose."). Indeed, they did not. Spitz Decl., ¶ 6.

Accordingly, Plaintiff cannot establish a probability of prevailing on her second cause of action under the Bane Act.

### 3. Plaintiff Cannot Prevail on Her Third Cause of Action for Violation of the California Due Process Clause and/or Equal Protection Clause

The *sina qua non* of an alleged constitutional violation is state action. *See Kruger v. Wells Fargo Bank*, 11 Cal.3d 352, 358 (Cal. Sup. Ct. 1974) ("[P]rivate action, however hurtful, is not unconstitutional."). Defendants' representation of their client in the underlying litigation does not constitute state action as a matter of law.[1] *See Id.* at 359-366 (discussing state action generally); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008) (acts of defense counsel are not state action). Plaintiff cannot demonstrate otherwise. Therefore, Plaintiff cannot prevail on her third cause of action for violations of the California Due Process Clause and/or Equal Protection Clause.

Furthermore, violations of the Equal Protection and Due Process Clauses of the California Constitution do not give rise to civil damages as a matter of law.

---

[1] For this reason, Plaintiff also cannot state a claim under the Federal Constitution. Plaintiff's federal claims are addressed in defendants' concurrently filed Motion to Dismiss pursuant to FRCP 12(b)(6).

*Javor v. Taggart*, 98 Cal.App.4th 795, 808 (Cal. App. Ct. 2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution.") (affirming dismissal with prejudice). As Plaintiff's claim is for damages only, it fails for this reason as well.

Even if Plaintiff's claim for violation of the California Constitution could pass legal muster (and it cannot), it would still plainly fail as a matter of fact. There are simply no circumstances under which a civil defendant's exercise of **his right** to file a responsive pleading could, in itself, violate the constitutional rights of the plaintiff. Accordingly, Plaintiff cannot establish a probability of prevailing on her third cause of action under the California Constitution.

### 4. Plaintiff Cannot Prevail on Her Fourth Cause of Action for Negligence/Conspiracy to Commit Negligence

"The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Bily v. Arthur Young & Co*., 3 Cal.4th 370, 397 (Cal. Sup. Crt 1992). As a matter of law, an attorney owes no duty of care to adverse parties in litigation. *Fox v. Pollack*, 181 Cal.App.3d 954, 961 (Cal. App. Ct. 1986) ("An attorney has no duty to protect the interests of an adverse party for the obvious reasons that the adverse party is not the intended beneficiary of the attorney's services, and that the attorney's undivided loyalty belongs to the client.").

As counsel for an adverse party in the State Lawsuit, Defendants' duty was to Dr. Cossman alone. *Fox*, 181 Cal.App.3d at 961. As a matter of law, Plaintiff cannot demonstrate that Defendants owed her a duty of care. Even if Plaintiff could establish this threshold element (and she cannot), she would still be unable to establish that Defendants breached their duty of care, let alone that she suffered

damages as a result. *See generally Wright v. City of Los Angeles*, 219 Cal.App.3d 318, 344–345 (Cal. App. Ct. 1990) (discussing elements of negligence).

Plaintiff also appears to suggest that Defendants may be liable under some kind of conspiracy to commit negligence theory. Plaintiff does not identify Mr. Spitz as an alleged co-conspirator in this claim. In any event, Plaintiff's claim is totally *non sequiter*. A conspiracy by definition requires an intentional agreement to achieve a specific outcome. *See Kidron*, *infra*, 40 Cal.App.4th at 1582. It is therefore impossible for parties to conspire to fail to exercise due care, i.e., to act negligently. *See Koehler v. Pulvers,* 606 F.Supp. 164, 173, n.10 (S.D. Cal. 1985) ("The allegation of civil conspiracy appears inherently inconsistent with the allegation of an underlying act of negligence"); *Hanni v. Am. Airlines, Inc.*, 2008 WL 5000237 at *5 (N.D. Cal. Nov. 21, 2008) ("An allegation that persons entered into a conspiracy to commit negligence as a matter of law cannot support a cause of action for civil conspiracy."). Defendants never conspired with anyone to act wrongfully toward Plaintiff. Spitz Decl., ¶ 8. All they did was represent their client by causing an answer to be filed in the State Lawsuit. *Id*., at ¶ 3.

Accordingly, Plaintiff will not be able to establish a probability of prevailing on her fourth cause of action for negligence.

> 5. <u>Plaintiff Cannot Establish a Probability of Prevailing on Her Fifth Cause of Action for Fraud/Conspiracy to Commit Fraud</u>

Plaintiff's fifth cause of action is for fraud based on intentional misrepresentation. Compl., 39:13-16. According to Plaintiff, the alleged fraud occurred when four defendants (not including Mr. Spitz or Greenberg Glusker) took steps to undermine Plaintiff's chance of success in one or more of her state court lawsuits. Compl., 35:19-20. In sum, these defendants purportedly:

1. Instructed witnesses, including a bus driver and police officer, what to testify (Compl., 35:27-36:5);

1    2.    Convinced Plaintiff's expert witnesses to work against her (*Id.* 36:7-9);

2    3.    Had something to do with the decision of Judge Robert Moss of the Los Angeles Superior Court to dismiss another lawsuit due to spoliation of evidence (*Id.*, 37:8-18);

4.    Had something to do with the composition of the judicial panel of the California Court of Appeal (*Id.*, 37:24-27);

5.    Had something to do with the decision of Judge Luis Lavin of the Los Angeles Superior Court to grant an anti-SLAPP motion (*Id.*, 38:13-16); and

6.    Had something to do with Judge Luis Lavin's decision to sanction Plaintiff's attorney, Glenn Rosen, in the amount of $3,000 (*Id.*, 39:6-10).

"To establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove seven essential elements: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Manderville v. PCG & S Group, Inc.,* 146 Cal.App.4th 1486, 1498 (2007).

While Plaintiff's complaint is rife with vague accusations regarding the four named defendants' dealings with (unidentified) third parties, <u>never once does she allege -- nor will she be able to present evidence -- that anyone ever made a false representation about material fact to her.</u>  She most certainly will not be able to present evidence of this with respect to Defendants, who are not even mentioned by name in this cause of action.  Plaintiff will not be able to satisfy her burden of demonstrating this most basic element of her fraud claim, as she is required to do.

Plaintiff also does not allege (nor can she prove) that any of the defendants

knew their representation was false or intended to defraud Plaintiff, or that Plaintiff justifiably relied on these representations and suffered damages as a result. *See Manderville,* 146 Cal.App.4th at 1498. Of course, as no misrepresentation is even alleged in the first place, any attempt to even analyze these elements becomes an exercise in absurdity. In any event, Plaintiff will not be able to carry her burden of presenting evidence in this regard.

Plaintiff also appears to suggest that Defendants may be liable under some kind of conspiracy to commit fraud theory. This claim is derivative of Plaintiffs' underlying fraud claim and thus fails for the same reasons. *See Everest Investors*, 100 Cal.App.4th at 1105–07 (conspiracy must be activated by the commission of an actual tort). In any event, Plaintiff does not allege, and will be unable to present evidence, that Defendants had knowledge of a plan to commit fraud. *See Kidron*, 40 Cal.App.4th at 1582 (conspiracy requires "conspiring defendants…have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose."). Indeed, they did not. Spitz Decl., ¶ 7.

Accordingly, Plaintiff will not be able to establish a probability of prevailing on her fifth cause of action for fraud.

### 6. Plaintiff Cannot Establish Vicarious Liability of Greenberg Glusker.

Plaintiff also suggests that her claims against Greenberg Glusker may be predicated upon a theory of vicarious liability for Mr. Spitz's conduct. As set forth above, Plaintiff will be unable to establish a probability of prevailing on her claims as against Mr. Spitz. To the extent Plaintiff's complaint against Greenberg Glusker is based on a theory of vicarious liability, it goes without saying that she will not be able to satisfy her burden in this regard either. *See Davison v. Diamond Match Co.* 10 Cal.App.2d 218, 222 (Cal. App. Ct. 1935) (well-settled that a "principal cannot be held responsible for the agent if the agent has himself committed no tort").

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## V. CONCLUSION

For all the foregoing reasons, Mr. Spitz and Greenberg Glusker respectfully request that the Court grant this motion in its entirety and strike Plaintiff's second, third, fourth and fifth causes of action pursuant to C.C.P. Section 425.16.

DATED: December 19, 2011          GREENBERG GLUSKER FIELDS
                                   CLAMAN & MACHTINGER LLP


                                   By: /s/ James R. Molen
                                       JAMES R. MOLEN (SBN 260269)
                                       Attorneys for Defendants Jeffrey Spitz
                                       and Greenberg Glusker Fields Claman &
                                       Machtinger LLP

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

99905-00251/1806488.1                    13              MOTION TO STRIKE (ANTI-SLAPP)