1  JEFFREY SPITZ (SBN 119343)
   JSpitz@GreenbergGlusker.com
2  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
3  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
4  Telephone: 310.553.3610
   Fax:  310.553.0687
5
   Attorneys for Defendants DAVID COSSMAN,
6  M.D. and VASCULAR SURGERY ASSOCIATES
   MEDICAL GROUP, A PROFESSIONAL
7  CORPORATION, erroneously sued herein as
   VASCULAR SURGERY ASSOCIATES OF
8  SOUTHERN CALIFORNIA

9

10              SUPERIOR COURT OF CALIFORNIA

11                 COUNTY OF LOS ANGELES

12

13

14  ROBIN ROSEN,                    Case No.  BC 441076

15          Plaintiff,              Assigned to:  Hon. Luis A. Lavin, Dept. 13

16      v.                          ANSWER TO COMPLAINT

17  JAI SINGH; DAVID COSSMAN, M.D.;
    FRANKLIN MOSER, M.D.; VASCULAR
18  SURGERY ASSOCIATES OF
    SOUTHERN CALIFORNIA; and DOES 1    Action Filed:  July 6, 2010
19  through 10,                        Trial Date:  Not yet set

20          Defendants.

21

22

23

24

25

26

27

28

15760-00011/1741147.1

ANSWER TO COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 10 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**EXHIBIT A**

**3**

1    Defendants David Cossman M.D. and Vascular Surgery Associates Medical Group, a

2    Professional Corporation, erroneously sued herein as Vascular Surgery Associates of Southern

3    California (collectively, "defendants") for themselves alone and for no other party hereby answer

4    the Complaint of plaintiff Robin Rosen ("Rosen"), as follows:

5

6    1.    Pursuant to Code of Civil Procedure § 431.30,  defendants deny generally and

7    specifically each and every allegation of the Complaint, and specifically deny that Rosen has been

8    damaged in any sum by reason of any act and/or omission of defendants.

9

10    AFFIRMATIVE DEFENSES

11    For their affirmative defenses to the Complaint, defendants allege as follows:

12

13    FIRST AFFIRMATIVE DEFENSE

14    (Failure to State a Claim)

15    2.    The Complaint and each purported cause of action therein fails to state any claim

16    for which relief can be granted.

17

18    SECOND AFFIRMATIVE DEFENSE

19    (Failure to Mitigate)

20    3.    The Complaint, and each purported cause of action contained therein, is barred

21    because Rosen failed to take reasonable steps to mitigate the alleged damages, if any, suffered by

22    her as alleged in the Complaint.  Because of that failure to mitigate, Rosen has no right to recover

23    damages, or her rights are reduced.

24

25    THIRD AFFIRMATIVE DEFENSE

26    (Laches)

27    4.    Rosen has delayed unreasonably in filing the Complaint, which addresses events

28    that occurred years before it was filed.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

15760-00011/1741147.1                               2

**EXHIBIT A**

4

5.     As a result of the foregoing, and Rosen's conduct, words and/or actions, Rosen is precluded from obtaining any of the relief she seeks by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

6.     At no time while defendants were performing services for Rosen did Rosen or her attorney ever complain about defendants' services.  To the contrary, Rosen's counsel thanked defendants for their vigorous presentation of Rosen's case.  In addition, defendants were paid in full for the services they rendered for Rosen.

7.     As a result of the foregoing, Rosen has waived any and all of her purported claims and any and all of the relief  she seeks under the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.     Defendants incorporate herein by this reference the allegations of paragraph 6, above, as though fully set forth hereat.

9.     As a result of the foregoing, and Rosen's conduct, words and/or actions, Rosen is estopped from asserting any or all of her purported claims or seeking any or all of the relief she seeks under the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

10.     The Complaint, and each purported cause of action set forth therein is barred by the applicable statutes of limitations, including as set forth in Cal. Code Civ. Proc. §§ 335 and 339.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**EXHIBIT A**

5

## SEVENTH AFFIRMATIVE DEFENSE

### (Negligence of Rosen)

11.     If any loss, injury, damage or detriment occurred as alleged in the Complaint, such injury, loss, damage or detriment was caused and/or contributed to by the actions of plaintiff in that plaintiff did not exercise ordinary care on her own behalf at the times and places alleged in the Complaint. Furthermore, plaintiff's own acts and omissions proximately caused and/or contributed to any purported loss, injury, damage or detriment claimed by plaintiff herein. Therefore, plaintiff's own actions and/or omissions completely bar recovery from these answering defendants, or, in the alternative, plaintiff's acts and omissions reduce her right of recovery to the extent that said acts or omissions contributed to plaintiff's injuries.

## EIGHTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

12.     All damages, if any, suffered by plaintiff were proximately caused and contributed to by the acts and/or omissions of individuals and/or entities other than these answering defendants.

## ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

13.     At this time, defendants have insufficient information upon which to form a belief as to whether they may have additional affirmative defenses. Accordingly, defendants reserve the right to assert any additional affirmative defenses in the event that discovery or other developments in this litigation indicate they are appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, defendants pray for judgment against Rosen, as follows:

1.     That Rosen takes nothing by way of her Complaint;

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

15760-00011/1741147.1

4

**EXHIBIT A**

6

2.    For costs of suit incurred herein, including reasonable attorneys fees to the full
extent recoverable under applicable law; and

3.    For such other and further relief in favor of defendants as the Court deems just and
proper.

DATED: August _10_, 2010

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: _____
JEFFREY SPITZ (SBN 119343)
Attorneys for Defendants DAVID COSSMAN,
M.D. AND VASCULAR SURGERY
ASSOCIATES MEDICAL GROUP, A
PROFESSIONAL CORPORATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

15760-00011/1741147.1

5

ANSWER TO COMPLAINT

**EXHIBIT A**

7

## PROOF OF SERVICE

I, Nancy Spinrad, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067. On August 10, 2010, I served a copy of the within document described as ANSWER TO COMPLAINT

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Glen M. Rosen, Esq.
Law Offices of Glen M. Rosen
3 Leister Court
Laguna Niguel, California 92677

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 10, 2010, at Los Angeles, California.

*Nancy Spinrad*

Nancy Spinrad

GREENBERG GLUSKER FIELDS CLAMAN<br>& MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067-4590

ANSWER TO COMPLAINT

**EXHIBIT A**