N. DENISE TAYLOR - State Bar No. 101434
BARBARA M. REARDON - State Bar No. 072338
TAYLOR BLESSEY LLP
350 S. Grand Avenue, Suite 3850
Los Angeles, CA 90071
Telephone: (213) 687-1600
Facsimile: (213) 687-1620
dtaylor@taylorblessey.com
breardon@taylorblessey.com

Attorneys for Defendants,
DAVID COSSMAN, M.D.; TAYLOR BLESSEY, LLP; N. DENISE TAYLOR, BARBARA M. REARDON, ANDREA P. HILBERT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROBIN ROSEN<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD BOOTH; JEFFREY BRISKIN; BRISKIN, LATZANICH & PENE; MARGARET CAHILL; CARROLL, KELLY, TROTTER. FRANZEN & MCKENNA; DAVID COSSMAN, et al.<br><br>Defendants. | CASE NO.: SACV11-01703-AG<br>(Assigned to: Hon. Andrew J. Guilford)<br><br>**NOTICE OF SPECIAL MOTION AND MOTION FOR ORDER TO STRIKE THE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 425.16; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF N. DENISE TAYLOR AND ANDREA P. HILBERT**<br><br>DATE: February 27, 2012<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 10D<br><br>Action Filed: 11/07/2011 |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2012, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, defendants TAYLOR



TAYLOR ❖ BLESSEY LLP

BLESSEY, LLP, N. DENISE TAYLOR, BARBARA M. REARDON, ANDREA P. HILBERT, AND DAVID COSSMAN, M.D. will, and hereby do, move pursuant to Code of Civil Procedure §425.16 (California's Anti-SLAPP Statute), for an order striking the second, third, fourth and fifth causes of action of plaintiff's Complaint.

This Motion is made on the grounds that plaintiff's state law claims as set forth in the second, third, fourth and fifth causes of action of plaintiff's Complaint, are barred in their entirety by Code of Civil Procedure §425.16 because (1) they are based on statements made in a judicial proceeding, which is conduct in furtherance of the Defendants' right of petition and free speech; and (2) plaintiff cannot establish a probability that she will prevail on her claims. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of N. Denise Taylor, the other files, records, pleadings, and papers in this action, any reply papers that may be filed in connection herewith, and on such further oral or documentary evidence as may be presented at or before the hearing of this matter.

Counsel for Defendants made a good faith effort to confer regarding this Motion pursuant to Local Rule 7-3 (Declaration of Andrea P. Hilbert).

DATED: January 18, 2012 TAYLOR BLESSEY LLP

By: /S/ N. Denise Taylor
N. DENISE TAYLOR
BARBARA M. REARDON
Attorneys for Defendants,
DAVID COSSMAN, M.D.; TAYLOR BLESSEY, LLP; N. DENISE TAYLOR, BARBARA M. REARDON, ANDREA P. HILBERT

## TABLE OF CONTENTS


TABLE OF CONTENTS ..... i
TABLE OF AUTHORITIES ..... ii
**I.** INTRODUCTION ..... 1
**II.** BACKGROUND ..... 2
**III.** LEGAL STANDARD ..... 3
**IV.** ARGUMENT ..... 5
**A.** Plaintiff's Complaint Arises From Conduct Protected Under Code of Civil Procedure §425.16(e)(2). ..... 5
**B.** Plaintiff Cannot Establish A Probability Of Prevailing On Her Claims. ..... 6
**1.** Plaintiff's Claims Are Barred by the Litigation Privilege. ..... 6
**2.** Plaintiff Can Not Establish A Probability Of Prevailing On Her Second Cause of Action For Violation Of California Civil Code §52.1. ..... 7
**3.** Plaintiff Cannot Prevail On Her Third Cause Of Action For Violation Of The California Due Process And/Or Equal Protection Clauses. ..... 8
**4.** Plaintiff Cannot Prevail On Her Fourth Cause Of Action For Negligence/Conspiracy To Commit Negligence. ..... 9
**5.** Plaintiff Cannot Establish A Probability Of Prevailing On Her Fifth Cause Of Action For Fraud/Conspiracy To Commit Fraud. ..... 10
**6.** Plaintiff Cannot Establish Vicarious Liability of Taylor Blessey LLP. ..... 12
**V.** CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Cases**

*Briggs v. Eden Counsel for Hope and Opportunity*, 19 Cal. 4th 1106, 1116 (Cal. Sup. Ct. 1999) ....... 5

*Davison v. Diamond Match Co.*, 10 Cal. App 2d 218, 222 (Cal. App. Ct. 1935) ............................ 12

*Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (Cal. Sup. Ct. 2002) ...................... 4

*Everest Investors Eight v. Whitehall Real Estate Limited Partnership*, 100 Cal. App 4th 1102, 1105-07 (Cal. App. Ct. 2002) ........................................................................................ 8

*Fox v. Pollack*, 181 Cal. App. 3d 984, 961 (Cal. App. Ct. 1986) ................................................ 9

*Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 350, 360 (Cal. Sup. Ct. 2004) ........................ 6

*HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (Cal. App. Ct. 2004) ................ 4

*Javor v. Taggart*, 98 Cal. App. 4th 795, 808 (Cal. App. Ct. 2002) ................................................ 9

*Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (Cal. App. Ct. 2002) ........................................... 5

*Koehler v. Pulvers*, 606 F. Supp. 154, 173, N. 10 (S.V. Cal. 1985) ............................................ 10

*Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352, 358 (Cal. Sup. Ct. 1974) ........................................... 8

*Manderville v. PCG&S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (2007) ..................................... 11

*Matson v. Dvorak*, 40 Cal. App. 4th 539, 548 (Cal. App. Ct. 1995) ................................................ 6

*Navellier v. Sletten*, 29 Cal. 4th 82, 90 (Cal. Sup. Ct. 2002) ...................................................... 5

*Slaney v. Ranger Insurance Company*, 115 Cal. App. 4th 306, 318 (Cal. App. Ct. 2004).................. 4

*United States ex rel. Newsham v. Lockheed Missle and Space Co., Inc.*, 190 F. 3d 963, 973 (9th Cir. 1999)........................................................................................................ 3

*Varin Med Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 193 (Cal. Sup. Ct. 2005).................................. 3

*Zamos v. Stroud*, 32 Cal. 4th 958, 965 (Cal. Sup. Ct. 2004)........................................................... 4

**Statutes**

*California Civil Code* §47(b) ......................................................................................... 2, 6

*California Civil Code* §52.1 ............................................................................................ 7

*California Civil Code* §52.1(b) ....................................................................................... 7

## TABLE OF AUTHORITIES

*California Civil Code* §52.1(j) ........ 8
*California Code of Civil Procedure* §425.16 ........ 1
*Code of Civil Procedure* §425.16 ........ 13
*Code of Civil Procedure* §425.16(e)(1) ........ 2, 5
*Federal Rule of Civil Procedure* 12(b)(6) ........ 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendants Taylor Blessey, LLP, N. Denise Taylor, Barbara M. Reardon, Andrea P. Hilbert and David Cossman, M.D. (collectively "Taylor Blessey defendants") hereby move to strike plaintiff's second, third, fourth and fifth causes of action pursuant to *California Code of Civil Procedure* §425.16 (the "Anti-SLAPP" statute).

David Cossman, M.D. was plaintiff's expert witness in an action against the MTA and a defendant in action brought against him and others following plaintiff's loss of the MTA case. In the latter action—which is still pending—plaintiff sued Dr. Cossman alleging a breach of fiduciary duty, among other theories. She claimed that Dr. Cossman conspired with plaintiff's other expert witnesses and defense counsel in the MTA action to deprive plaintiff of the benefit of a favorable resolution of that action. The remaining Taylor Blessey defendants are the lawyers who are defending Dr. Cossman in the latter action: the law firm of Taylor Blessey LLP; N. Denise Taylor, a partner in that firm; and Barbara M. Reardon and Andrea P. Hilbert, associate attorneys with the firm.

Plaintiff's Complaint as against the Taylor Blessey defendants is based entirely on the lawyer Defendants' representation of their client, David Cossman, M.D., in the action entitled <u>Rosen v. Singh</u> (Los Angeles County Superior Court Case No.



TAYLOR ❖ BLESSEY LLP

BC441076) and on Dr. Cossman's defense of that action. Plaintiff alleges that the Taylor Blessey defendants are liable for damages because of their defense of that action. This action is plainly frivolous and implicates interests protected by *Code of Civil Procedure* §425.16.

California's Anti-SLAPP statute protects "any written or oral statement or writing made before a … "judicial proceeding, …." (*Code of Civil Procedure* §425.16(e)(1)). Defendants' defense of their client indisputably falls within this definition. Therefore, in order to defeat this motion, plaintiff must present evidence to establish a probability that she will prevail on her claims. Plaintiff cannot do so. Her claims are meritless, without factual basis, and are barred by the litigation privilege of *California Civil Code* §47(b).

These moving Defendants are concurrently filing a motion to dismiss the entirety of plaintiff's Complaint for failure to state a claim. In the unlikely event that motion is not granted, the Complaint should be dismissed for the reasons set forth herein since plaintiff will not be able to present any evidence to establish her claims.

## II.

## BACKGROUND

In August 2010, plaintiff filed Rosen v. Singh (Los Angeles County Superior Court Case No. BC441076) against David Cossman, M.D. and others alleging that Dr. Cossman, as one of her expert witnesses in an underlying action against the MTA, had breached his fiduciary duties to her and had conspired with counsel for the MTA,



TAYLOR ❖ BLESSEY LLP

resulting in an adverse jury verdict in the MTA litigation. Taylor Blessey, LLP was retained to represent Dr. Cossman in coordination with Greenberg, Glusker, Fields, Claman & Machtinger, LLP, who had filed an answer on behalf of Dr. Cossman prior to retention of Taylor Blessey, LLP.

After Taylor Blessey's association in the Superior Court action, that firm took over as lead counsel in the State litigation.

N. Denise Taylor is the partner who is responsible for Dr. Cossman's defense in the State action. Barbara M. Reardon and Andrea P. Hilbert are the associates assigned to assist Ms. Taylor in the defense of Dr. Cossman.

As set forth in greater details in Defendants' Motion to Dismiss, the Complaint is an incomprehensible jumble of conspiracy allegations and claims of wrongdoing by attorneys, trial judges of the Los Angeles and Orange County Superior Courts, and at least one justice of the California Court of Appeal.

**III.**

**LEGAL STANDARD**

California's anti-SLAPP statute may apply in Federal proceedings to strike California State law claims. *United States ex rel. Newsham v. Lockheed Missile and Space Co., Inc.*, 190 F. 3d 963, 973 (9th Cir. 1999). The anti-SLAPP statute (*California Code of Civil Procedure* §425.16) is designed to limit retaliatory lawsuits which seek to punish those who simply exercise their fundamental rights. *Varin Med Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 193 (Cal. Sup. Ct. 2005) For those cases that



TAYLOR ❖ BLESSEY LLP

fall within the purview of the statute, plaintiff must present prima facie evidence to support her claim before she is allowed to proceed. If she does not, the action must be dismissed. As described by the California Supreme Court, determination of an anti-SLAPP motion requires a two-step analysis. First, the Court must determine whether defendant has made a threshold showing that the challenge conduct is one arising from protected activity. *Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal. 4th 53, 67 (Cal. Sup. Ct. 2002). To make this showing the moving party must demonstrate that the conduct giving rise to the challenged claim fits within one of the categories as set forth in the anti-SLAPP statute. If defendant satisfies the first step, the burden shifts to the plaintiff to demonstrate a probability of prevailing on her claim.

In order to satisfy her burden on the second step, plaintiff must present admissible evidence that would support a judgment in her favor. *Slaney v. Ranger Insurance Company*, 115 Cal. App. 4th 306, 318 (Cal. App. Ct. 2004). "The plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (Cal. App. Ct. 2004).

The court does not weigh the evidence, but simply determines whether evidence of a prima facie case has been presented that would permit the case to go forward. Id. Whether plaintiff has done so is a question of law. *Zamos v. Stroud*, 32 Cal. 4th 958, 965 (Cal. Sup. Ct. 2004). The question in an anti-SLAPP motion is not whether the





TAYLOR ❖ BLESSEY LLP

pleading states a claim, but whether the plaintiff has presented evidence that would support a judgment in its favor on that claim. *Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (Cal. App. Ct. 2002). Plaintiff cannot meet her burden under this statute.

## IV.

## ARGUMENT

### A. Plaintiff's Complaint Arises From Conduct Protected Under Code of Civil Procedure §425.16(e)(2).

All statements in judicial proceedings are protected by the provisions of Code of Civil Procedure §425.16(e)(1) whether or not the statements themselves involve a public issue. *Briggs v. Eden Counsel for Hope and Opportunity*, 19 Cal. 4th 1106, 1116 (Cal. Sup. Ct. 1999). A pleading filed in court is "indisputably a statement or writing made before a judicial proceeding." *Navellier v. Sletten*, 29 Cal. 4th 82, 90 (Cal. Sup. Ct. 2002). Plaintiff's claims against the attorney Defendants among the Taylor Blessey defendants are based solely on their defense of Dr. Cossman in the underlying State Court litigation. The claims against Dr. Cossman in this action appear to be predicated upon his supposed involvement in a conspiracy in the underlying action to defeat plaintiff's constitutional rights.

Defendants' conduct in the defense of the underlying Singh litigation is activity protected by California's anti-SLAPP statute. Therefore, the statute applies and this motion should be granted.

### B. Plaintiff Cannot Establish A Probability Of Prevailing On Her Claims.

To establish a probability of prevailing on a claim for purposes of the anti-SLAPP statute, "A plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." (*Matson v. Dvorak*, 40 Cal. App. 4th 539, 548 (Cal. App. Ct. 1995). Plaintiff is therefore required to come forward with sufficient evidence of her claim to satisfy the applicable burden of proof and to demonstrate that no defenses preclude her from probable success on the merits.

As demonstrated by Defendants' Motion to Dismiss under *Federal Rule of Civil Procedure* 12(b)(6), plaintiff's claims are insupportable. Moreover, her claims have no factual basis and plaintiff will be unable to present any evidence that Defendants engaged in any of the alleged wrongful conduct.

#### 1. Plaintiff's Claims Are Barred by the Litigation Privilege.

*California Civil Code* §47(b) establishes a privilege that bars liability in tort for communications made in any judicial proceeding. "The privilege established by this subdivision often is referred to an 'absolute' privilege, and it bars all tort causes of action except the claim for malicious prosecution." *Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 350, 360 (Cal. Sup. Ct. 2004).

To effectuate its purpose, the litigation privilege of §47(b) has been interpreted



TAYLOR ❖ BLESSEY LLP

very broadly. The section encompasses "not only testimony in court and statements made in pleadings, but also statements made prior to the filing of the lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." *Hagberg*, 32 Cal. 4th at 361.

As alleged in plaintiff's Complaint, the Taylor Blessey defendants did no more than defend Dr. Cossman's interests in the underlying State Court action. Plaintiff will be unable to present any evidence to the contrary. Therefore, plaintiff's claims are absolutely barred.

**2. <u>Plaintiff Can Not Establish A Probability Of Prevailing On Her Second Cause of Action For Violation Of California Civil Code §52.1.</u>**

All of plaintiff's State law claims are barred by the litigation privilege, including her second cause of action for violation of *California Civil Code* §52.1, the *Bane Act*. There is no possibility that plaintiff can prevail on her *Bane Act* claim as a matter of fact.

To establish a *Bane Act* violation, plaintiff must prove that the Defendants interfered, or attempted to interfere, with her rights by threats, intimidation, or coercion. *California Civil Code* §52.1(b) "Speech alone is not sufficient to support an action" under the *Bane Act* "except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the



TAYLOR ❖ BLESSEY LLP

speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." *California Civil Code* §52.1(j).

Plaintiff cannot produce any evidence that any of the Taylor Blessey defendants ever threatened violence against plaintiff.

Plaintiff will also be unable to establish that the Taylor Blessey defendants were involved in a conspiracy to violate the *Bane Act* because, in fact, she will be unable to demonstrate that any of these Defendants interfered, or attempted to interfere, with plaintiff's rights by threat, intimidation, or coercion. *Everest Investors Eight v. Whitehall Real Estate Limited Partnership*, 100 Cal. App 4th 1102, 1105-07 (Cal. App. Ct. 2002). Since plaintiff cannot carry her burden of presenting evidence establishing interference or attempted interference with her rights by threat, intimidation, or coercion, she cannot establish a probability of prevailing on her second cause of action alleging violation of the *Bane Act*.

**3. Plaintiff Cannot Prevail On Her Third Cause Of Action For Violation Of The California Due Process And/Or Equal Protection Clauses.**

In order to establish a constitutional violation, plaintiff must establish State action. "Private action, however hurtful, is not unconstitutional." *Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352, 358 (Cal. Sup. Ct. 1974). Defendants' representation of their client and Dr. Cossman's defense of his conduct in the



TAYLOR ❖ BLESSEY LLP

underlying litigation does not constitute State action as a matter of law. Therefore, plaintiff cannot prevail on her third cause of action for violation of the California due process and/or equal protection clauses. Further, violation of those protections does not give rise to civil damages as a matter of law. *Javor v. Taggart*, 98 Cal. App. 4th 795, 808 (Cal. App. Ct. 2002). "It is beyond question that a plaintiff is not entitled to damages for a violation of due process clause or the equal protection clause of the State Constitution."

Even if plaintiff's claim for violation of the California Constitution could overcome these insurmountable hurdles, it would still fail as a matter of fact. A civil defendant's exercise of his right to file a responsive pleadings and to defend an action cannot possibly support a claim of violation of the constitutional rights of the plaintiff. Therefore, plaintiff will not be able to establish a probability of prevailing on her third cause of action under the California Constitution.

**4. <u>Plaintiff Cannot Prevail On Her Fourth Cause Of Action For Negligence/Conspiracy To Commit Negligence.</u>**

As a matter of law, an attorney owes no duty of care to adverse parties in litigation. *Fox v. Pollack*, 181 Cal. App. 3d 984, 961 (Cal. App. Ct. 1986). "An attorney has no duty to protect the interests of an adverse party for the obvious reasons that the adverse party is not the intended beneficiary of the attorney's services, and that the attorney's undivided loyalty belongs to the client."

As counsel for an adverse party in the State litigation, and as an adverse party in



TAYLOR ❖ BLESSEY LLP

the State litigation, Defendants owed no duty to plaintiff.

Plaintiff appears to suggest that Defendants may be liable under some obscure theory of conspiracy to commit negligence. This claim is unsustainable under California law. A conspiracy by definition requires an intentional agreement to achieve a specific outcome. It is therefore impossible for parties to conspire to fail to exercise due care, i.e., to act negligently. *Koehler v. Pulvers*, 606 F. Supp. 154, 173, N. 10 (S.V. Cal. 1985).

Therefore, plaintiff will not be able to establish a probability of prevailing on her fourth cause of action for negligence/conspiracy to commit negligence.

### 5. **<u>Plaintiff Cannot Establish A Probability Of Prevailing On Her Fifth Cause Of Action For Fraud/Conspiracy To Commit Fraud.</u>**

Plaintiff's fifth cause for action for fraud is based on intentional misrepresentation. As relevant to the Taylor Blessey defendants, it appears that plaintiff is claiming that they may have had something to do with a decision of Judge Luis Lavin to sanction plaintiff's attorney in the sum of $3,000.00 (Complaint 39:6-10).

The elements of a claim for deceit based on intentional misrepresentation are clear. Plaintiff must prove seven essential elements:

i. Defendant represented to the plaintiff that an important fact was true;

ii. The representation was false;

TAYLOR ❖ BLESSEY LLP

iii. The defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth;

iv. The defendant intended that the plaintiff relied on the representation;

v. The plaintiff reasonably relied on the representation;

vi. Plaintiff was harmed; and

vii. Plaintiff's reliance on defendant's representation was a substantial factor in causing harm to the plaintiff. (*Manderville v. PCG&S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (2007).

In all of the vague and conclusory allegations in plaintiff's Complaint, there is no claim that anyone ever made a false representation about a material fact to her. She will not be able to present evidence of this with respect to the Taylor Blessey defendants. Plaintiff will not be able to satisfy her burden demonstrating this most basic element of her fraud claim. Plaintiff also does not allege and cannot prove that any of the Defendants knew that any representation was false or that they intended to defraud the plaintiff or that plaintiff justifiably relied on representations resulting in damage to her.

To the extent that plaintiff appears to suggest that Defendants may be liable under some kind of conspiracy to commit fraud theory, the purported claim is derivative of plaintiff's underlying fraud claim and thus fails for the same reason.



TAYLOR ❖ BLESSEY LLP

Finally, plaintiff cannot establish she was harmed by Judge Lavin's sanctions order again her counsel since, by definition, he is the only person required to pay sanctions by that order.

Therefore, plaintiff will not be able to establish a probability of prevailing on her fifth cause of action for fraud.

**6. Plaintiff Cannot Establish Vicarious Liability of Taylor Blessey LLP.**

It appears plaintiff may be seeking to impose vicarious liability on Taylor Blessey, LLP for the acts of Defendant Barbara M. Reardon. Since plaintiff will be unable to establish a probability of prevailing on her claims against Ms. Reardon, it goes without saying that she will be unable to satisfy her burden of establishing the vicarious liability of Taylor Blessey, LLP. It is well settled that "a principal cannot be held responsible for the agent if the agent has himself committed no tort." *Davison v. Diamond Match Co.*, 10 Cal. App 2d 218, 222 (Cal. App. Ct. 1935).

///

///

///

///

///

///

///

///

///

V.

**CONCLUSION**

For all the foregoing reasons, the Taylor Blessey defendants respectfully request that the Court grant this motion in its entirety and strike plaintiff's second, third, fourth and fifth causes of action pursuant to *Code of Civil Procedure* §425.16.

DATED: January 17, 2012 TAYLOR BLESSEY LLP

By: /S/ N. Denise Taylor
N. DENISE TAYLOR
BARBARA M. REARDON
Attorneys for Defendants,
DAVID COSSMAN, M.D.; TAYLOR BLESSEY, LLP; N. DENISE TAYLOR, BARBARA M. REARDON, ANDREA P. HILBERT

# DECLARATION OF N. DENISE TAYLOR

I, N. Denise Taylor, declare:

1. I am an attorney at law duly authorized to practice before all the courts of the State of California and before this Court. I am a partner in Taylor Blessey LLP, counsel for moving defendants and a defendant in this action.

2. The facts set forth in this Declaration are within my own personal knowledge and if called as a witness I could and would competently testify thereto.

3. I am making this Declaration in support of the Taylor Blessey defendants' Special Motion to Strike in the captioned action.

4. Taylor Blessey LLP was retained to represent David Cossman, M.D. in the underlying state court action in August, 2010. In that case, plaintiff Robin Rosen claims the defendants breached the fiduciary duties they owed her as her expert witnesses in the underlying MTA litigation. A true copy of the Second Amended Complaint is attached hereto as Exhibit "A." Defendant's Demurrer and Motion to Strike to that Complaint are set for hearing February 23, 2012 in Department 13 of the Los Angeles County Superior Court.

5. Taylor Blessey LLP and its partner and associate attorneys have never represented plaintiff Robin Rosen in any capacity. At all times and in all contexts relevant to this action, those defendants have served as counsel for, defendant David Cossman, M.D.

///

Dr. Cossman is the only party to whom Taylor Blessey and its partner and associate attorneys owed any duty of loyalty in the underlying litigation.

6. As appears from the allegations of the Second Amended Complaint in the state court action, Dr. Cossman served as Ms. Rosen's expert in the underlying MTA litigation. Since August, 2011, Dr. Cossman's only relationship with plaintiff is as a defendant in the action she brought against all of her experts in the MTA case.

7. The attorneys at Taylor Blessey have spent approximately 40 hours in review and analysis of plaintiff's Complaint in this action, legal research, and in the preparation of this Motion to Dismiss as well as in the preparation of defendant's Rule 12(b)(6) Motion to Dismiss on behalf of the Taylor Blessey defendants and Dr. Cossman. I anticipate an additional 4 hours will be spent in reviewing plaintiff's Oppositions to these Motions and preparing Replies. I also anticipate a total of 6 hours will be spent in preparing for, traveling to and from, and attending the hearing on these Motions. The defense of this action has also required my firm's attorneys to review voluminous pleadings from other defendants and from plaintiff. To date, a total of 2.6 hours has been spent in this review and analysis.

8. Of the time spent to date in this matter, 80% of the 40 total hours (32 hours) spent thus are attributable to the defense of the state law claims in plaintiff's Complaint.

9. Taylor Blessey LLP's billing rate on this file is $185 per hour.

10. In addition to an order dismissing the state law causes of action against the Taylor Blessey defendants, I request that plaintiff be required to pay said defendants' attorneys' fees in the sum of $5,920.00 calculated at the rate of $185 per hour for the time spent in defense of the state law claims subject to this Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This Declaration was executed on January 17, 2012 at Los Angeles, California.

N. DENISE TAYLOR, ESQ.

TAYLOR ❖ BLESSEY LLP

Law Offices of Glenn M. Rosen
Glenn M. Rosen, Esq., State Bar No. 73826
3 Leicester Court
Laguna Niguel, CA 92677
Telephone: (949) 388-3489
Facsimile: (949) 388-3489

Attorney for Plaintiff Robin Rosen

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES CENTRAL DISTRICT**

| | |
|---|---|
| ROBIN ROSEN, Plaintiff, vs. DAVID COSSMAN, M.D. AND DOES 1-10, Defendants. | **Case No. BC441076** **SECOND AMENDED COMPLAINT** DATE OF TRIAL: February 21, 2012 HEARING JUDGE: Hon. Luis Lavin DEPARTMENT: 13 |

COMES NOW, Robin Rosen and with regard to her first amended complaint, complains against defendant David Cossman and Does 1-10 inclusive.

**OBJECTION TO THE NEED TO FILE AN AMENDED COMPLAINT**

Robin Rosen objects to having to file a Second Amended Complaint as her initial complaint was answered by David Cossman's attorney, Jeffrey Spitz. No Demurrer can be taken as a matter of law to a complaint that has been answered to by defense counsel as to this Defendant. Since Attorney Spitz answered for Defendant Cossman he is prohibited as a matter of law from filing another demurrer or having a demurrer filed on behalf of Cossman.

## INTRODUCTION

Robin Rosen was the plaintiff in the case involving Los Angeles County Metropolitan Transit Authority. This case was entitled *Robin Rosen vs. Los Angeles County Metropolitan Transit Authority*. The trial on this case began in November 2008 and concluded in December 2008 in front of the Honorable Robert Hess.

Defendant David Cossman was hired by Robin Rosen through her attorney Glenn M. Rosen to represent her as a vascular surgeon expert in this case. Dr. Cossman as well as the other experts in the case promised to use their good faith and testify in favor of Robin Rosen and to act as her expert and not break or breach any fiduciary duties or duties of loyalty incumbent upon them as Robin's experts.

Defendant David Cossman, M.D. agreed to use his best effort and have complete duty of loyalty to Robin Rosen. He was asked whether there was any conflict of interests when he was engaged in 2008 to represent Robin Rosen. He was designated as an expert sometime approximately August 2008 to be Robin Rosen's expert after agreeing to testify on her behalf and indicating to Atty. Glenn M. Rosen that Robin Rosen's injury was due to a vehicular accident with a Los Angeles County Metropolitan Transit Authority bus while she was a passenger on a Fullerton school bus. That her injury included the dissection of the left internal carotid artery which caused her to be paralyzed approximately four weeks subsequent to her injury in October 2004 causing her to have a stroke in November 2004. At no time prior to the deposition of Dr. Cossman or trial did Dr. Cossman indicate that there was any conflict of interest between himself and Katherine Pene, the attorney for the defendant Los Angeles County Metropolitan Transit Authority or the Los Angeles County Metropolitan Transit Authority.

Robin Rosen sustained injuries that included dissection of the left internal carotid artery causing her to have lack of speech, instability, paralysis on her right side and inability to be touched on the right side and medical bills in the approximate amount of $400,000.00.

Medical care for Robin Rosen as well as other reasonable care expenses and treatment were determined by Robin's experts to be approximately $7,000.000.00 during the life span of Robin Rosen.

All experts agreed that Robin Rosen's injuries were the result of the accident that took place with the Los Angeles County Metropolitan Transit Authority bus on or about October 2004. At no time did David Cossman ever indicate to Glenn M. Rosen or Robin Rosen that Robin Rosen's injuries were not the direct cause of the accident of October 2004 involving the Los Angeles County Metropolitan Transit Authority. In fact, David Cossman as an expert witness for Robin Rosen performed or had performed on her, an arteriosclerotic test at Cedars-Sinai Hospital which showed that her injuries were in fact due to dissection of the left internal carotid artery. All medical records that he read, including an MRA, sustained that proposition.

David Cossman showed Robin Rosen's medical records to Franklin Moser, a neuroradiologist at Cedars-Sinai Hospital. Cossman refused or did not vet Moser to find out if Moser had any conflict of interest with Robin Rosen because of Moser's previous engagement by or relationship with Katherine Pene and/or the Los Angeles County Metropolitan Transit Authority.

Medical records of the hospital, St. Joseph Hospital discharge summary, indicated that Robin's injury was a result of the dissection of the left internal carotid artery caused by the trauma that was the accident of October 2004 with the Los Angeles County Metropolitan Transit Authority, when they rear-ended a Fullerton school bus

that Robin Rosen was a passenger on.

At no time did Cossman or any of the other defendants on this case indicate that there was any conflict of interests or that they would not use their good faith efforts to represent Robin Rosen as an expert.

David Cossman took fees from Robin Rosen in the amount of approximately $35,000.00 in order to act in this capacity.

It is alleged and believed by plaintiff Robin Rosen that David Cossman, as well as the other defendants, in conspiracy with each other, sometime entered into the conspiracy with Katherine Pene and her law firm, Briskin, Latzanich & Pene and the LACMTA, to betray Robin Rosen and act against Robin Rosen to make sure that Robin Rosen would lose her case. It was also very important that Cossman, as well as the other co-defendants, not be found out, in that they would not do anything overt in order to show Robin Rosen that it was their fault that Robin Rosen had lost this case. David Cossman did testify at the trial that if he was Robin's doctor he would have said that Robin's injuries were the result of the vehicular accident and that she had a dissection of the left internal carotid artery. That this caused her to have a stroke. Cossman did not indicate at any time that he was in a conspiracy with Katherine Pene, the Los Angeles County Metropolitan Transit Authority or any of the other prior defendants on this case.

Cossman did not state that at any time prior to trial he would not testify to the legal standard of reasonable medical certainty that Robin's injuries were the result of the accident that was the bus accident of October 2004.

At the time of trial because of the conspiracy with Katherine Pene, and the Los Angeles County Metropolitan Transit Authority as well as others including Jai Singh and Franklin Moser, that Cossman did in fact testify to something less than a reasonable

medical certainty or probability as to Robin's injuries.

This was a result of David Cossman being in a conspiracy with Katherine Pene as well as others. The result of the trial is ,no defense to the actions of Cossman who could have been sued for breach of Duty of Loyalty or Conspiracy to defraud Robin Rosen of the prosecution of her case whether the case continued to trial or not.

## FIRST CAUSE OF ACTION AGAINST DAVID COSSMAN IS FOR CIVIL CONSPIRACY TO DEFRAUD ROBIN ROSEN AS TO THE PROSECUTION OF HER CASE

Civil conspiracy is not an independent tort. Standing alone, conspiracy does no harm or engenders no tort liability. It must be activated by the commission of an actual tort. The major significance of a conspiracy cause of action lies on the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong regardless of the degree of activity. The essence of the claim is that it is merely a mechanism for imposing vicarious liability; it is not itself a substantive basis for liability. Each member of a conspiracy becomes liable for all acts by others pursuant to the conspiracy, and for all damages caused thereby. Conspiracy is a legal doctrine that imposes liability on persons who although not actually committing a tort themselves share with the immediate tortfeasors a common plan or design in its perpetration.

The basis of civil liability is the formation of a group of two or more persons who have agreed in a common plan or design to commit a tortuous act. The conspiring defendant must also have the actual knowledge that a tort is planned and concur in the tortuous scheme with knowledge of its unlawful purpose. This is what David Cossman did. He concurred in the tortuous scheme with Katherine Pene and the other

co-defendants including Franklin Moser, Jai Singh, and Kurt Openshaw. Cossman acted for the benefit of the LACMTA, not Robin Rosen.

A conspiracy requires that the members of the conspiracy do more.

The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortuous scheme with the knowledge of its unlawful purpose. However, actual knowledge of the planned tort without more is insufficient to serve as the basis for a conspiring claim. Knowledge of the planned tort must be combined with intent to aid in its commission. Knowledge and intent may be inferred from the nature of the act done, the relation of the parties, the interest of the alleged conspirators and other circumstances. It is the settled rule that to render a person civilly liable for injuries resulting from a conspiracy of which he was a member, it is not necessary that he should have joined the conspiracy at the time of its inception. Everyone who enters into such a common design is by law a party to every act previously or subsequently done by any of the others pursuant to it.

Dr. Cossman was part of the conspiracy to commit fraud and defraud Robin of her ability to prosecute her claim. Robin, by a result of this conspiracy to defraud her, was injured to the extent that she was not able to legitimately pursue her case. She was injured to the extent of well over $25,000,000.00; the amount includes the reasonable special and general damages as well as punitive damages. The damages are based on the conduct of all conspirators including Katherine Pene, the LACMTA, and Kurt Openshaw M. D., Franklin Moser, Jai Singh and all other co- conspirators.

The chain of events causing her to lose her case was not broken by or as a result of the fact that she lost on liability on this case. It is irrelevant how Robin lost her case because there was one big conspiracy that also involved the liability experts on this case including Jai Singh. Since Jai Singh was part of the conspiracy to defraud

## SERVICE LIST

Re: Rosen v. Booth
Case No.: SACV11-01703-AG

Harvey W. Wimer, III, Esq.
Dennis J. Mahoney, Esq.
GRAVES & KING LLP
P.O. Box 1548
3610 Fourteenth Street, Second Floor
Riverside, CA 92502-1548

Attorneys for Defendant,
Hertz Claim Management